In re Raymond E. LITTON, Debtor.

RIVOLI GRAIN COMPANY, an Illinois Corporation, Plaintiff,

v.

Raymond E. LITTON, Defendant.

Bankruptcy No. 185–02866.
Adv. No. 86–8059.

United States Bankruptcy Court,
C.D. Illinois.

June 10, 1987.

Gregory L. DePorter, Colona, Ill., for debtor/defendant.

R. Philip Steele, Massie & Steele, Alpha, Ill., for plaintiff.

## DECISION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Pending before the Court is the Petition of plaintiff, RIVOLI GRAIN COMPANY, (RIVOLI) to require the defendant, RAYMOND E. LITTON, (LITTON), to answer questions propounded at a deposition.

On March 3, 1986, RIVOLI brought an adversary proceeding against LITTON, to determine dischargeability under Section 523(a)(6), which excepts from discharge any debt for willful and malicious injury by a debtor to property of another. RIVOLI alleges in its complaint that LITTON removed corn and beans from its elevator on various occasions and willfully and maliciously converted it to his own use. Count I alleges that LITTON removed 1,000 bushels of corn on or about August 13, 1982; Count II alleges that LITTON removed 1,000 bushels of corn on or about August 15, 1982; Count III alleges that LITTON removed 20,524 bushels of corn on or about July, 1982; and Count IV alleges that LITTON removed 7,600 bushels of beans on or about July, 1982.[1] At a deposition held on October 9, 1986, LITTON refused to answer questions concerning his ownership or sale of any grain in 1982, invoking his Fifth Amendment privilege against self-incrimination. Later in the questioning, however, LITTON admitted that he did sell various amounts of grain in 1982, but stated that it was not his and was sold with the owner's permission. LITTON refused to identify the owner of the grain, again asserting the privilege against self-incrimination. The questions which LITTON refused to answer were certified to this Court. On October 17, 1986, RIVOLI petitioned this Court to require LITTON to answer the questions, seeking a ruling that LITTON's assertion of the Fifth Amendment privilege was improper.

---

1. In Count V of its complaint, RIVOLI objects to LITTON's discharge pursuant to Section 727(a)(3), for failure to keep books and records.

The Fifth Amendment states that "no person ... shall be compelled in any criminal case to be a witness against himself." This privilege against self-incrimination applies to all civil litigation, including bankruptcy proceedings, when the testimony sought might later subject the witness to criminal liability. *In re Martin-Trigona,* 732 F.2d 170 (2d Cir.1984); *In re Connelly,* 59 B.R. 421 (Bkrtcy.N.D.Ill.1986). The privilege is personal and cannot be asserted to protect others from possible criminal prosecution. *U.S. v. Mandujano,* 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976); *Matter of Grand Jury Subpoena,* 739 F.2d 1354 (8th Cir.1984). It extends only to disclosures which are (1) compelled, (2) testimonial, and (3) incriminatory. *In re Connelly, supra.*

In order to sustain a claim of privilege under the Fifth Amendment, the witness must demonstrate a reasonable cause to fear danger from answers to the questions asked. *Ryan v. C.I.R.,* 568 F.2d 531 (7th Cir.1977); *Connelly, supra.* The witness's fear of prosecution cannot be merely "trifling or imaginary," but must be "substantial and real." *In re Corrugated Container Antitrust Litigation,* 655 F.2d 748 (7th Cir.1981), *aff'd* 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430. The right to assert the privilege depends not on the likelihood of prosecution, but on the possibility of prosecution. *In re Corrugated Container Antitrust Litigation,* 661 F.2d 1145 (7th Cir.1981). Generally, the privilege against self-incrimination is lost once a witness has been convicted of the offense, whether by guilty plea or after trial. *U.S. v. Pardo,* 636 F.2d 535 (D.C.Cir.1980); *U.S. v. Yurasovich,* 580 F.2d 1212 (3d Cir.1978). Where, however, the testimony which is sought would tend to reveal other crimes for which the witness is still subject to prosecution, the privilege is not considered waived. *U.S. v. Rodriguez,* 706 F.2d 31 (2d Cir.1983); *U.S. v. Zirpolo,* 704 F.2d 23 (1st Cir.1983).

While under the Bankruptcy Act a debtor's assertion of the privilege against self-

incrimination could result in denial of the debtor's discharge, (*Kaufman v. Hurwitz,* 176 F.2d 210 (4th Cir.1949); *In re Dresser,* 146 F. 383 (2d Cir.1906)), the Bankruptcy Code provides that a debtor's discharge will not be denied where the privilege has been properly invoked. Section 727(a)(6) provides that a debtor shall receive a discharge unless:

"(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which the privilege was invoked; or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify." 11 U.S.C. Section 727(a)(6).

Thus, as noted in the legislative history to the Code, a debtor is no longer faced with the Scylla and Charibdis choice which existed under prior law. H.R.Rep. No. 595, 95th Cong., 1st Sess. 333 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The only issue then, at this stage of the proceedings, is whether LITTON's assertion of privilege was proper.

At the hearing on RIVOLI's petition to compel LITTON to respond to the questions asked at the deposition, LITTON offered no explanation for invoking the privilege, save to point out that the complaint alleges that LITTON committed the crime of theft. The joint pretrial statement later filed by the parties reveals that LITTON pleaded guilty to the theft of the grain which is the subject of Counts I and II of RIVOLI's complaint. The grain which is the subject of the remaining counts, Counts III and IV, was allegedly removed from the elevator in July, 1982. The three-year statute of limitations under Illinois law for theft has long past.[2] Although the five-

---

**2.** Section 3–5 of the Illinois Criminal Code provides, in relevant part:

"Unless the statute describing the offense provides otherwise, or the period of limitation is

year statute of limitation for federal offenses has not yet run, the record is devoid of any basis for a federal prosecution.

 In short, the information supplied to this Court is insufficient to sustain LITTON's claim of privilege against self-incrimination. To find otherwise would require this Court to engage in speculation and guesswork.

In its brief, RIVOLI suggests that this Court insure that LITTON is granted immunity. It is RIVOLI, as an interested party, and not this Court, who should seek that grant of immunity from state and federal prosecution. *See* 11 U.S.C. Section 344; *In re Minton Group, Inc.*, 43 B.R. 705 (Bkrtcy.S.D.N.Y.1984); *In re Channel*, 29 B.R. 316 (Bkrtcy.W.D.Ky.1983). Absent a grant of full immunity, this Court will require LITTON to show why his responses to the questions asked would have posed a real danger of incrimination. LITTON will be given the opportunity to testify *in camera* or to submit an affidavit to the Court, under seal.

As a final matter, this Court rejects RIVOLI's contention that LITTON waived the privilege against self-incrimination by responding to other questions asked at the deposition. While it is true that testimony by a witness as to an incriminating fact waives the privilege as to any details with respect to such fact, LITTON did not testify as to any "incriminating" facts. His testimony that he sold corn that belonged to another at that person's request does not tend to incriminate LITTON in any way.

See written Order.

### ORDER

For the reasons set forth in the Decision filed this day:

IT IS, THEREFORE, ORDERED that RIVOLI GRAIN COMPANY is given thirty (30) days from the date of this Order to file with this Court a statement of intention to

seek a grant of immunity from state and federal prosecution on LITTON's behalf. Absent RIVOLI'S filing such a statement of intention within the allotted period of time, this Court will schedule a hearing to afford LITTON an opportunity, either by testifying *in camera* or by submitting a sealed affidavit, to show why his responses to the questions asked at the deposition would have posed a real danger of incrimination.

---

extended by Section 3–6, a prosecution for any offense not designated in Subsection (a) must be commenced within 3 years after the commission of the offense if it is a felony, or within one year and 6 months after its com-

mission if it is a misdemeanor." Ill.Rev.Stat. 1981, ch. 38, para. 3–5(b).

The statute on theft does not provide for a limitation on prosecution. Nor would Section 3–6 apply here.