In the Matter of Michael J.
SCARFIA, Debtor.

HOLIDAY BANK, Plaintiff,

v.

Michael J. SCARFIA, Defendant.

Bankruptcy No. 86–1642–8B7.
Adv. No. 86–358.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 25, 1989.

Roberta A. Colton, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, Fla., for Holiday Bank.

Leo H. Meirose, Battaglia, Ross, Hastings, Dicus and Andrews, P.A., St. Petersburg, Fla., Bennie Lazzara, Jr., Tampa, Fla., for Michael J. Scarfia.

FINAL ORDER ON HOLIDAY BANK'S MOTION TO COMPEL ANSWERS TO REQUEST FOR ADMISSIONS, INTERROGATORIES, AND PRODUCTION OF DOCUMENTS

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on to be heard upon Plaintiff, Holiday Bank's Motion to Compel Discovery notwithstanding Debtor/Defendant, Michael J. Scarfia's (Debtor) assertion of his Fifth Amendment privilege under the United States Constitution. The Court reviewed the Motion, the record, heard argument of counsel and finds as follows:

On April 25, 1986, the Debtor filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code. The Debtor, with others, was involved in several corporations. Two of the corporations, C.M. Systems, Inc. and Terramar Mining Corp., filed Chapter 11 cases which were converted to Chapter 7. The Debtor voluntarily converted his Chapter 11 case to Chapter 7 in October, 1986.

C.M. Systems, through the Debtor as president and sole stockholder, obtained a line of credit in the amount of $500,000.00 from Plaintiff. The Debtor was to guarantee the loan and produce to Plaintiff his personal financial statement. Plaintiff, on July 28, 1986, filed this adversary proceeding.[1] The second amended complaint filed on August 5, 1987 seeks a determination of nondischargeability of Debtor's indebtedness to Plaintiff under 11 U.S.C. § 523(a)(2)(A) or, in the alternative, 11 U.S.C. § 523(a)(2)(B). Plaintiff contends the Debtor's financial statement omitted significant contingent liabilities relating to personal guarantees of other loans to C.M. Systems and/or Southern Masonry, Inc., and inflated the value of certain property specifically listed on the financial statements. Further, Plaintiff alleges the actual purpose behind the Debtor's false statements was to obtain funds for C.M. Sys-

---

1. Similar adversary proceedings were filed by Travelers Insurance Company, Southeast Bank and NCNB Bank.

tems to be transferred clandestinely to Terramar Mining Corp. or to a trust for the benefit of Debtor's children.

Plaintiff has been unable to obtain discovery because the Debtor during discovery has invoked his Fifth Amendment right to remain silent. Plaintiff served the Debtor with interrogatories on December 15, 1987 and request for admissions on January 19, 1988. The Debtor responded to both by invoking the Fifth Amendment privilege. Plaintiff's motion to compel answers to the interrogatories and the request for admissions followed on February 19, 1988. On April 15, 1988, this Court entered an order on the motion to compel deferring a ruling pending the outcome of an in camera hearing regarding the interrogatories and request for admissions. Debtor was given twenty days to file in camera an affidavit stating separately for each interrogatory propounded by Plaintiff and each request for admissions why the Debtor's response might incriminate him. The affidavits were filed in camera on May 2, 1988. At that time, copies of the transcripts of C.M. System's and the Debtor's Section 341 Meeting of Creditors, and an October 13, 1986 hearing before Chief Bankruptcy Judge Paskay in the Terramar Mining Corp. case, Case No. 86–1143, were filed. An in camera hearing was held on May 16, 1988, at which time the Court overruled the Debtor's objection to the presence of a court reporter. The Debtor filed a motion for leave to appeal which was denied by the district court on November 18, 1988.

On May 9, 1988, Plaintiff filed its first request for production of documents and the Debtor responded by invoking his Fifth Amendment privilege. Another motion to compel by Plaintiff was filed on August 8, 1988 to compel the production of documents. While the previously mentioned appeal was pending, this Court heard Plaintiff's motion to compel production of documents. On September 29, 1988, this Court entered an order granting in part and denying in part the Plaintiff's request for production of documents. This particular order was also appealed to the district court. The interlocutory appeal was denied by the district court on March 17, 1989.

Ultimately, an in camera hearing was held on March 7, 1989 on the Motion to Compel Answers to Interrogatories and Request for Admissions. At the hearing, the Court received the previously requested responses to the Plaintiff's interrogatories and request for admissions. While the Debtor refused to testify, Debtor's counsel asserted the Debtor's concern for his Fifth Amendment rights if compelled to answer the interrogatories and the request for admissions.

■ This Court must consider the Debtor's possible waiver of his Fifth Amendment rights. The Eleventh Circuit in *United States v. White*, 846 F.2d 678 (11th Cir.1988) considered the admissibility of civil depositions in a criminal case. The Court stated in pertinent part, "In a noncustodial interrogation, 'an individual may lose the benefit of the privilege without making a knowing and intelligent waiver.' *Garner v. United States*, 424 U.S. 648, 654 n. 9, 96 S.Ct. 1178, 1182 n. 9, 47 L.Ed.2d 370, 377 n. 9 (1976). *Minnesota v. Murphy*, 465 U.S. 420, 428, 104 S.Ct. 1136, 1142, 79 L.Ed.2d 409, 421 (1984)." Further, the Circuit Court noted the witness must assert his Fifth Amendment right. "A witness who testified at any proceeding, instead of asserting his Fifth Amendment rights, loses the privilege. *Murphy*, 465 U.S. at 427, 104 S.Ct. at 1142; *Garner*, 424 U.S. at 654–55, 96 S.Ct. at 1182." *White, supra* at 690. A civil deponent cannot choose to answer questions with the expectation of later asserting the Fifth Amendment.

■ In *Klein v. Harris*, 667 F.2d 274 (2nd Cir.1981), the Second Circuit Court of Appeals established a two prong test to assist in the analysis of whether or not a witness had previously waived the Fifth Amendment right.

> ... [A] court should only infer a waiver of the fifth amendment's privilege against self-incrimination from a witness'

prior statements if (1) the witness' prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth, and (2) the witness had reason to know that his prior statements would be interpreted as a waiver of the fifth amendment privilege against self-incrimination.

667 F.2d at 287.

This two prong test appears to have been developed by the Second Circuit in light of the U.S. Supreme Court decision in *Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951); *See, United States v. St. Pierre*, 132 F.2d 837 (2nd Cir.1942), *cert. denied*, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943); *In re Mudd*, 95 B.R. 426 (Bankr.N.D.Tex.1989); *see also, Wilson v. Wilson (In re Wilson)*, 50 B.R. 701 (Bankr.E.D.Tenn.1985).

While the concept associated with *Klein* has not been considered by the Eleventh Circuit Court of Appeals, this Court notes the underlying policy appears to be the same as announced by the Eleventh Circuit in *White*.[2] Admittedly, *Klein* has been considered by bankruptcy courts on more occasions than the *White* decision. *See, In re Hulon*, 92 B.R. 670 (Bankr.N.D.Tex. 1988); *In re Connelly*, 59 B.R. 421 (Bankr. N.D.Ill.1986); *John P. Maguire & Co., Inc. v. Margolies (In re Candor Diamond Corp.)*, 42 B.R. 916 (S.D.N.Y.1984); and *In re Mudd, supra*. Further, the facts associated this case are compatible with the *White* decision, where *White*, as this case, deals with the waiver of a Fifth Amendment right during a civil case.

Prior to his claim of self-incrimination, the Debtor provided extensive testimony relating to his pre-petition activities with and assets in C.M. Systems and Terramar Mining Corp. The Debtor testified at the Section 341 Meeting of Creditors of the Debtor and C.M. Systems held on May 28, 1986 and September 3, 1986. The Debtor also filed sworn Schedules of Assets and Statement of Affairs in both C.M. Systems and his own case. On September 29, 1986 and October 21, 1986, the Debtor was deposed by Travelers Indemnity Company in the C.M. Systems case. At the first deposition, the Debtor testified until the deposition was continued. At the continued deposition the Debtor answered certain questions and then asserted his Fifth Amendment right to all other questions. It appears this is the first time the Debtor invoked his Fifth Amendment privilege. The Debtor's testimony both at deposition and at the Section 341 Meeting of Creditors covers over 350 pages. The testimony appears to cover virtually every segment of inquiry requested by Plaintiff's interrogatories, request for admissions, and request for production. Thus, in accordance with *White*, this Court finds the Debtor waived his Fifth Amendment rights.[3]

The Debtor's appearance at the in camera hearing was to provide this Court with a basis for asserting the Fifth Amendment privilege in answering the interrogatories and request for admissions. At the in camera hearing, the Court heard only the assertions of Debtor's counsel as the Debtor did not testify. The Debtor's silence is not in accord with the procedure established in this Court's order of April 5, 1988. *See, Connelly, supra*. *See also, Nat'l Acceptance Co. of America v. Bathalter*, 705 F.2d 924 (7th Cir.1983); *Rivoli Grain Co. v. Litton (In re Litton)*, 74 B.R. 557 (Bankr.C.D.Ill.1987). Nor has the Debtor met his burden of tendering a reasonable basis of incrimination by complying with discovery. *Mudd, supra* at 431; *Federal Savings and Loan Insurance Corp. v. Crabtree (In re Crabtree)*, 90 B.R. 871

---

2. The second prong of the *Klein* test of a knowing waiver of the privilege, *Klein* at 288, appears incongruous with *United States v. White*, 846 F.2d 678 (11th Cir.1988), which would not require a knowing and intelligent waiver. The difference is that in *White* and in the case at bar there is a non-custodial interrogation.

3. This Court would not consider *Pillsbury Co. v. Conboy*, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983) germane to the analysis in this case.

(Bankr.E.D.Tenn.1988). As to the Bank's request for production, this Court's order of September 29, 1988 provided an in camera review at every stage of Debtor's document production in order to insure protection of the Defendant's Fifth Amendment privilege.[4] Yet, Debtor has never produced documents for review as required by the order. This Court finds the Debtor has not established minimal credible reasons why each of the many disclosures required of him pose some real and not imaginary threat of incrimination. *Connelly, supra* at 432. The Debtor has waived his Fifth Amendment privilege against self-incrimination.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED Holiday Bank's Motion to Compel Answers to Interrogatories, Request for Admissions and Production of Documents is granted. Debtor shall have thirty (30) days from entry of this order to file answers to interrogatories and request for admissions as well as producing all documents not previously produced per Plaintiff's request. Failure to comply with discovery will be the basis for imposing sanctions, including admitting all requested admissions, admitting all well pled facts, and drawing such inferences as may be allowed under Rule 37 of the Federal Rules of Civil Procedure.

DONE AND ORDERED.

---

**4.** Since this Court's Order on Production of Corporate Documents, the U.S. Supreme Court has decided *Braswell v. United States,* 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988), holding officer of corporation cannot assert a Fifth Amendment privilege as to production of corporate documents. *See,* Russell, Bankruptcy Evidence Manual § 501.17.