**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Michael W. REHTORIK and Oscar Gomez, Defendants.**

**No. 88–0735–Civ.**

United States District Court, S.D. Florida.

Oct. 2, 1990.

See also, —— F.R.D. ——.

Charles C. Harber, William P. Hicks, Miami, Fla., for Securities and Exchange Com'n.

Hugo L. Black, Jr., Miami, Fla., for defendant Rehtorik.

Michael J. Rosen, Miami, Fla., for defendant Gomez.

## ORDER

HOEVELER, District Judge.

THIS CAUSE IS before the court upon two sets of opposing motions of the parties, namely, the S.E.C.'s Motion to Set Due Date for Accounting and the defendants' Motion for Stay of Accounting Procedure, and the S.E.C.'s Motion for Summary Judgment as to Issue of Disgorgement and the defendants' Motion for Stay of Disgorgement Procedure.

## FACTS

The S.E.C. filed this civil action against the defendants Michael Rehtorik and Oscar Gomez in April 1988 alleging, *inter alia,* violations of the Securities Act of 1933, the Securities Exchange Act of 1934 and Rule 10b–5, 17 C.F.R. sec. 240.10b–5 pertaining to the fraudulent sale of securities. The S.E.C. claims defendants Rehtorik and Gomez defrauded 32 different investors of some $1,626,922.

On May 31, 1988 and June 20, 1988 defendants Rehtorik and Gomez, each consented to a separate Final Judgment of Permanent Injunction and Order Directing Defendant to Provide an Accounting and Other Relief.[1] Both final judgments ordered the defendants to provide an accounting to the court of all funds received from investors pursuant to the alleged unlawful scheme.

The Government has subsequently conducted criminal investigations against both Rehtorik and Gomez. Gomez pled guilty to securities fraud on September 17, 1990. Rehtorik was subpoenaed to appear before a grand jury in October of 1989 as a target of its criminal investigation. Almost a

year later, an indictment has yet to be returned against defendant Rehtorik. It is unknown what, if any, further criminal action will be taken against Michael Rehtorik.

## DISCUSSION

■ Pursuant to the defendants' agreement to provide such an accounting in their respective final judgments, the S.E.C. has moved this court to set a due date for an accounting of the ill-fated investments. The defendants concede they owe the Government the accounting but have asserted their Fifth Amendment privilege against self-incrimination, fearing that the desired disclosure will further expose them to criminal liability. Any Fifth Amendment right which defendant Gomez can claim will expire upon his being sentenced for the crime to which he has plead. *See U.S. v. Paris,* 827 F.2d 395 (9th Cir.1987); *Smith v. State,* 283 Md. 187, 190–91, 388 A.2d 539, 541 (1978) *citing Mills v. U.S.,* 281 F.2d 736, 741 (4th Cir.1960).

■ Defendant Rehtorik is in a more precarious posture. He continues to be the subject of a criminal investigation. To compel him to "speak" in this civil proceeding by ordering an accounting of alleged illicit funds would directly impinge Rehtorik's right against self-incrimination. *See Maness v. Meyers,* 419 U.S. 449, 461, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975); *Hoffman v. U.S.,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). In such a circumstance, it is only appropriate to grant Rehtorik's request for a stay of the accounting procedure. *See e.g., Wehling v. Columbia Broadcasting System,* 608 F.2d 1084, 1088–89 (5th Cir.1979).

■ Absent the accounting, the Government may nonetheless continue with its civil case against defendant Rehtorik, and likewise, against the pre-sentenced defendant Gomez. Forcing an individual to

---

**1.** The injunctions prohibited the defendants from future fraudulent sale of securities and from improperly maintaining account records. In neither Final Judgment did either of the defendants admit to any of the allegations in the S.E.C.'s complaint. The Rehtorik final judgment ordered Michael Rehtorik to disgorge all

proceeds received pursuant to the unlawful scheme described in the Commission's complaint. The Gomez final judgment did not order Oscar Gomez to disgorge funds, but reserved jurisdiction to order disgorgement if appropriate.

risk non-criminal disadvantage by remaining silent for fear of self-incrimination in a parallel criminal proceeding does not rise to the level of an unconstitutional infringement. *Baxter v. Palmigiano,* 425 U.S. 308, 317–18, 96 S.Ct. 1551, 1557–58, 47 L.Ed.2d 810 (1976); *U.S. v. White,* 589 F.2d 1283, 1287 (5th Cir.1979). The defendants can exercise their Fifth Amendment rights in the face of the S.E.C.'s summary judgment motion by not presenting evidence which would implicate them in the alleged securities fraud. Though an adverse inference may be drawn due to their silence, the S.E.C. must still carry its burden of proving fraud committed by the defendants; their silence alone will not give rise to automatic liability. As such, the defendants would not be compelled to speak. To speak or not to speak becomes, in such a case, a question of strategy rather than one of unconstitutional compulsion. *Baxter,* 425 U.S. at 317–18, 96 S.Ct. at 1557–58; *U.S. v. White,* 589 F.2d at 1287. Accordingly, it is hereby

ORDERED and ADJUDGED that defendant Gomez's Motion for Stay of Accounting Procedure is DENIED. Defendant Gomez is ordered to produce the requested accounting within fifteen days after sentencing. Defendant Rehtorik's Motion for Stay of Accounting Procedure is GRANTED. It is further

ORDERED and ADJUDGED that defendants' Motion for Stay of Disgorgement Procedure is DENIED. Defendants are ordered to respond to the S.E.C.'s summary judgment motion within thirty days of this order in such manner as they deem appropriate.

DONE and ORDERED.