SCHWARTZ, Chief Judge.
The petitioner was formerly the personal representative of an estate being administered in the Dade County Circuit Court. He is imprisoned for contempt until he obeys an order to render a truthful accounting as required by sections 733.508 and 733.901(1), Florida Statutes (1991), and now seeks a writ of habeas corpus on the ground that his refusal was justified by the assertion of a Fifth Amendment claim that the accounting would incriminate him. We deny the application because the privilege was waived. This is true both (a) as a result of Goethel’s knowing acceptance of the appointment as personal representative, which statutorily requires the rendering of such accountings; see Estate of Baehr, 408 Pa.Super. 172, 596 A.2d 803 (1991); In re Grand Jury Proceedings, 119 B.R. 945 (E.D.Mich.1990), and (b) because he made numerous prior representations and responses to the court concerning the subject of the accounting without then raising the privilege. Matter of Scarfia, 104 B.R. 462 (M.D.Fla.1989), appeal denied, 129 B.R. 671 (M.D.Fla.1990).
The technical objection to the form of the commitment order is likewise without merit. Revell v. Dishong, 129 Fla. 9, 175 So. 905 (1937).
Habeas Corpus denied.