STONE, Judge.
We affirm an order holding Martha Wright, a court-appointed guardian, in contempt for refusing to file an accounting as ordered by the court. Goethel v. Lawrence, 599 So.2d 232 (Fla. 3d DCA1992).
Over several years, Appellant had been appointed to serve as guardian or co-guardian for thirteen different individuals. Pursuant to these appointments, Appellant was duly sworn to “faithfully administer the duties of such guardian according to the law.” In re Matter of Professional Guardian Martha Wright, No. 91^4413 (Fla. 17th Cir.Ct. August 15,1994).
Appellant was removed as guardian of all her wards as provided by section 744.474(12), Florida Statutes (1993) on a finding of probable cause by HRS that she had exploited her wards by improper management of funds. The trial court also ordered Appellant to produce an accounting in accordance with section 744.511, Florida Statutes (1993). This section requires a removed guardian to “file with the court a true complete, and final report of his guardianship within 20 days after his removal_” Id. Section 744.517, Florida Statutes, provides for contempt proceedings where a guardian fails to file a true, complete and final accounting.
At a hearing held pursuant to Appellant’s failure to comply with section 744.511, Appellant asserted her fifth amendment privilege against self-incrimination in refusing to prepare or submit the ordered final accountings. The court ordered Appellant held until she produced the accountings but in no event for a period longer than 6 months.
In Goethel, the petitioner was imprisoned on a civil contempt order for failing to render an accounting pursuant to his duties as the personal representative of an estate and sought a writ of habeas corpus. The court denied the petition on two grounds. First, citing In re Grand Jury Proceedings (Jim’s Garage), 119 B.R. 945 (E.D.Mich. 1990) and Estate ofBaehr, 408 Pa.Super. 172, 596 A.2d 803 (1991), appeal dismissed, 533 Pa. 70, 618 A.2d 944 (1993), the court held that by knowingly accepting the appointment as personal representative with all its statutory requirements, the petitioner had waived his fifth amendment privilege. Id. Second, citing Matter of Scarfia, 104 B.R. 462 (Bankr.M.D.Fla.1989), appeal denied, 129 B.R. 671 (M.D.Fla.1990), the court held that the petitioner’s numerous responses to the court with regard to the accounting had also resulted in a waiver of his privilege. Id. Although not dispositive, we note as to the latter ground that this guardian had filed accountings with the court on prior occasions.
In In Jim’s Garage, 119 B.R. at 946, a chapter 7 bankruptcy trustee was ordered to file an accounting and also to turn over existing documents. The trustee refused. The court concluded that by accepting his position as a trustee, the defendant had waived any privilege he might later claim when it came time to file the final accounting. Id. at 952. The court also recognized, citing In re Grand Jury Subpoena Duces Tecum Served upon Underhill, 781 F.2d 64 (6th Cir.), cert, denied, Underhill v. United States, 479 U.S. 813, 107 S.Ct. 64, 93 L.Ed.2d 23 (1986), that “if an individual chooses to begin or continue to do business in an area in which the government requires record keeping, he may be deemed to have waived any Fifth Amendment protection which would otherwise be present in the absence of the record keeping regulation.” As such, the court determined *663 that by accepting the trusteeship, with its incumbent public duties, the defendant waived his future right not to incriminate himself by fulfilling those public duties. Id. at 953.
In Baehr, a former executor of an estate challenged a trial court’s order holding him in contempt for failure to file an accounting. The Pennsylvania Superior Court held that accountings fall under the “required records” exception to the fifth amendment. Id. 596 A.2d at 806. Under the “required records” exception, announced by the Supreme Court in Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948), “records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subject of regulation are not protected by the privilege.” This exception is not applied where the regulation is designed to target criminal activities. However, where the government’s interests are essentially regulatory, the requested records are normally kept by the regulated party, and the records have assumed public aspects, no fifth amendment privilege exists. Id. Cf. Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).
Additionally, the Baehr court recognized, citing In re Grand Jury Proceedings (McCoy), 601 F.2d 162 (5th Cir.1979) that where a regulation requires records, there is an obligation to create the records. Id., 596 A.2d at 806. The court also noted, as in Underhill, that “a person who voluntarily enters a field where it is established that records must be kept, waives the privilege against incrimination as to the required records.” Id. at 807. .But see Bertucci v. Cunningham, No. 84 Civ. 4460, 1984 WL 1213 (S.D.N.Y.1984); Hughes Tool Company v. Meier, 489 F.Supp. 354 (D.Utah 1977). We have considered State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla.1973), and Securities and Exchange Commission v. Rehtorik, 755 F.Supp. 1018 (S.D.Fla.1990), but deem them inapposite.
Based on our review of Goethel and the cases cited therein, we conclude that the trial court did not err in holding Appellant in contempt. Appellant’s position as a court-appointed guardian was not that of a private individual serving a private interest, but rather that of an arm of the court fulfilling a regulated function. We can discern no reason to recognize an exception to section 744.517 where the appointed functionary has failed to prepare the statutorily-required records. Accordingly, Appellant waived her right to claim a fifth amendment privilege.
KLEIN, J., and OWEN, WILLIAM G, Jr., Senior Judge, concur.