**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Victor INCENDY; John T. Sirmans; J.B. Van Zanten, a/k/a Jeannette Incendy; Lawrence D. Moses; Bernard H. Levy; and Rodney B. Hedges, Defendants.**

No. 95–8149–CIV.

United States District Court, S.D. Florida.

Aug. 2, 1996.

John Scott Gaebe, Haddad, Josephs, Jack & Gaebe, Coral Gables, FL, Charles Vincent Senatore, Securities and Exchange Commis-

sion, Eric Ignacio Bustillo, Miami, FL, for plaintiff.

Jane Wollner Moscowitz, Baker & Moscowitz, Miami, FL, for defendants.

NESBITT, District Judge.

This cause comes before the Court upon Magistrate Judge Vitunac's Report and Recommendation, filed June 12, 1996 (D.E. # 52), regarding Defendant Rodney B. Hedges' Motion to Stay Proceedings Until Federal Criminal Prosecution is Resolved, filed December 8, 1995 (D.E. # 44), and upon Defendant Rodney B. Hedges' duplicate Motion for Extension of Time to File Objections, dated June 19, 1996 and filed June 26, 1996 (D.E. # 56).

In addition to being a Defendant in this action, Rodney B. Hedges ("Hedges") is the subject of a federal criminal prosecution for securities fraud pending before this Court.[1] Both cases concern Hedges' activities as a registered representative with various broker-dealers of securities, and the two cases have many facts in common. This action seeks, *inter alia*, injunctive and equitable relief, an accounting, and civil penalties for violations of Federal Securities Law.

On December 8, 1995 (D.E. # 44), Hedges filed his motion requesting a stay of this action until resolution of the criminal prosecution against him. In support of that motion, Hedges stated that although he has "substantial interests at stake in the instant case . . .," he has "other constitutionally protected interests that presently take a priority as a result of the criminal prosecution." D.E. # 44, at 1. On March 11, 1996 (D.E. # 49), Plaintiff ("the SEC") filed its Response to Hedges' Motion, and on March 26, 1996, Hedges sent a Reply letter to the Court. The Reply letter was filed on June 5, 1996, as D.E. # 51.

On June 12, 1996 (D.E. # 53), Magistrate Judge Vitunac entered her Report and Recommendation, and recommended that the Court deny Hedges' Motion to Stay. Although Magistrate Judge Vitunac recommended that the Court deny Hedges' Motion, she concluded that Hedges is free to exercise

---

1. *United States v. Incendy, et al.,* case no. 94–8108–CR–HURLEY.

his Fifth Amendment rights by not presenting evidence which would implicate him in the criminal proceeding. D.E. # 53, at 7. *See also Shell Oil Co. v. Altina Assocs., Inc.,* 866 F.Supp. 536, 540 (M.D.Fla.1994) (citations omitted) ("The Constitution does not require a stay of civil proceedings pending the outcome of related criminal proceedings.... Forcing an individual to risk non-criminal disadvantage by remaining silent for fear of self incrimination in a parallel criminal proceeding does not rise to the level of an unconstitutional infringement.... Defendants may exercise their Fifth Amendment rights by not presenting evidence which would implicate them in their criminal proceedings.").

Pursuant to 28 U.S.C. § 636(b)(1)(C), after a magistrate judge files a Report and Recommendation "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." On June 19, 1996, Hedges sent a letter to the Court which was docketed as both D.E. # 54 and D.E. # 56. In that letter, Hedges requested a two week extension within which to file Objections to the Report and Recommendation, and stated that he "object[s] to the recommendation that [his] motion to stay the civil proceeding be denied." Hedges did not detail his objections with more specificity.

Treating Hedges' letter as a motion for extension of time, on June 24, 1996 (D.E. # 55), the Court granted in part and denied in part the motion. The Court directed Hedges to file any objections to the Report and Recommendation on or before July 12, 1996.

Although objections to the Report and Recommendation were due on July 12, 1996, the only objection filed with the Court is Hedges' statement that he "would also like the record to reflect that [he] object[s] to the recommendation that [his] motion to stay the civil proceeding be denied." D.E. # 54 and D.E. # 56.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court must make a *de novo* "determination

of those portions of the report or specified proposed findings or recommendations to which objection is made." Although Hedges did not detail his objections with any specificity, the Court has conducted a *de novo* determination of Hedges' Motion to Stay.

For the reasons stated in Magistrate Judge Vitunac's Report, and upon a *de novo* review of the entire file, including Hedges' Motion and Reply, the SEC's Response, Magistrate Judge Vitunac's Report, and Hedges' Objection to the Report, it is hereby ORDERED and ADJUDGED that:

1. Defendant Rodney B. Hedges' Motion to Stay Proceedings Until Federal Criminal Prosecution is Resolved, filed December 8, 1995 (D.E. # 44), is **DENIED.**

2. Because Defendant Rodney B. Hedges' Motion for Extension of Time, filed June 26, 1996 (D.E. # 56), is a copy of a motion (D.E. # 54) which the Court ruled upon, the Motion for Extension of Time (D.E. # 56) is **DENIED as moot.**

## REPORT AND RECOMMENDATION

VITUNAC, United States Magistrate Judge.

This cause is before this Court on order of reference (DE 50) from United States District Court Judge Lenore C. Nesbitt to take all necessary and proper action and/or issue a report and recommendation regarding defendant Rodney B. Hedges' Motion to Stay Proceedings Until Federal Criminal Prosecution is Resolved (DE 44). For the reasons explained below, this Court recommends that defendant's motion be denied.

## I. BACKGROUND

In addition to being a defendant in this case, Mr. Hedges is currently the subject of a federal criminal prosecution for securities fraud.[1] Both cases concern his activities as a registered representative with various broker-dealers of securities and have many facts in common. The civil suit seeks injunctive and equitable relief for violations of Federal Securities Laws.[2] Other relief in the form of

---

1. *U.S. v. Incendy, et al.,* case no. 94–8108–CR–Hurley.

2. Plaintiff, Securities and Exchange Commission, alleges the defendant violated: Sections 5(a),

an accounting, disgorgement and civil penalties is also sought. *See* DE 1, Complaint, filed March 3, 1995.

On December 8, 1995, defendant Hedges moved for a stay (DE 44) of the civil suit until the criminal prosecution against him is resolved. Plaintiff responded (DE 49) on March 11, 1996. As of yet, the defendant has not replied to the plaintiff's response. This matter is ripe for review.

## II. *DISCUSSION*

In violation of Local Rule 7.1(A)(1) of the Southern District of Florida, defendant's motion is not accompanied by a supporting memorandum of law. Nevertheless, in the interests of a complete adjudication the Court will evaluate the substance of the defendant's arguments.

Defendant makes three general assertions in support of his motion: (1) That he has "substantial interests at stake;" (2) That he has "other constitutionally protected interests that presently take [priority];" and (3) "The resolution of the matters involved in the federal criminal prosecution would most likely resolve the majority of the issues in the instant case." DE 44 at 1–2. The Court will proceed under the assumption that the defendant is pointing to his Fifth Amendment privilege against self incrimination when he refers to "constitutionally protected interests."

## III. *A STAY IS NOT REQUIRED TO PRESERVE THE DEFENDANT'S PRIVILEGE AGAINST SELF IN-CRIMINATION*

A federal district court has broad discretion in granting or denying a stay and its decision will not be disturbed absent an abuse of discretion. *See Landis v. North American Co.,* 299 U.S. 248, 254–55, 57 S.Ct.

163, 165–66, 81 L.Ed. 153 (1936); *Afro–Lecon, Inc. v. United States,* 820 F.2d 1198 (Fed.Cir.1987); *Campbell v. Eastland,* 307 F.2d 478 (5th Cir.1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). A stay of discovery and/or the entire trial is but one of many options a court may consider when a party or witness invokes his Fifth Amendment right against compelled self-incrimination. *See S.E.C. v. Dresser Industries, Inc.,* 628 F.2d 1368 (D.C.Cir.) (en banc), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980) (trial courts have discretion to stay civil proceedings because of parallel criminal proceeding).

When a defendant seeks a stay, the court must often balance the public need to insure the speedy resolution of the civil proceeding against his Fifth Amendment rights. *United States v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *Texaco, Inc. v. Borda,* 383 F.2d 607 (3d Cir.1967). The decision to grant or deny will depend upon the facts of each case, the discretion of the court, and the public interest.[3] However, unless substantial prejudice to the rights of the parties is shown, simultaneous or successive prosecution of civil and criminal actions is permissible.

The Supreme Court has recognized that parallel investigations and enforcement proceedings may be necessary in order to protect the public interest and that deferring or forgoing either proceeding could jeopardize that interest. *See Standard Sanitary Manufacturing Co. v. United States,* 226 U.S. 20, 52, 33 S.Ct. 9, 16, 57 L.Ed. 107 (1912); *United States v. Kordel,* 397 U.S. 1 at 11, 90 S.Ct. 763 at 769. The Court of Appeals for the District of Columbia applied this principle in a case, similar to the present, where separate criminal and civil actions were brought by the S.E.C. and the Justice Department to

---

5(c), and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), 77e(c) and 77q(a), and Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5, thereunder.

**3.** *Compare S.E.C. v. Stewart,* 476 F.2d 755 (2d Cir.1973) (granting a stay); *United States v. Certain Real Property and Premises Known as 1344*

*Ridge Road, Laurel Hollow, Syosset, N.Y.,* 751 F.Supp. 1060 (E.D.N.Y.1989) (same) *with S.E.C. v. Gilbert,* 79 F.R.D. 683 (S.D.N.Y.1978) (refusing to stay); *De Vita v. Sills,* 422 F.2d 1172 (3d Cir.1970) (same); *Coalition of Black Leadership v. Cianci,* 480 F.Supp. 1340 (D.C.R.I.1979) (same); *In re Mid–Atlantic Toyota Antitrust Litig.,* 92 F.R.D. 358 (D.C.Md.1981); *Arden Way Assoc. v. Boesky,* 660 F.Supp. 1494 (S.D.N.Y.1987) (same).

enforce federal securities laws. *Dresser*, 628 F.2d 1368. The *Dresser* court noted that effective enforcement of the securities laws may require prompt civil and criminal enforcement, and that neither proceeding can always await the completion of the other without jeopardizing the public interest in protection of the efficient working of the securities markets and of investors from the dissemination of false or misleading information. *Id.* at 1377.

■ "In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *S.E.C. v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir.1981) (quoting *U.S. v. Kordel*, 397 U.S. at 11–13, 90 S.Ct. at 769–70; *S.E.C. v. Dresser*, 628 F.2d at 1377). Examples of "special circumstances" provided by the Supreme Court in *Kordel* are: (1) if the Government brought the civil action solely to obtain evidence for its criminal prosecution, (2) if the Government failed to advise the defendant in the civil proceeding that it contemplates his criminal prosecution; (3) if the defendant is without counsel or reasonably fears prejudice from adverse pretrial publicity or other unfair injury; or (4) any other special circumstances indicating unconstitutionality or even impropriety. 397 U.S. 1 at 11, 90 S.Ct. at 769. In the instant case, although the defendant is proceeding *pro se*, there is nothing in the record to indicate that the Government brought this civil suit solely to obtain evidence for the criminal prosecution. Nor does the record evidence any other circumstance suggesting the unconstitutionality or impropriety of the criminal prosecution.

As the plaintiff notes, over time the likelihood of witnesses becoming unavailable, memories fading, and documents being lost increases dramatically. Additionally, there is a risk of multiple adjudications (one trial against the remaining defendants and another against Hedges) if a stay is granted. Therefore, absent direct and imminent harm to Hedges' Fifth Amendment rights, a balancing of the interests weighs against granting a stay. It therefore remains for the Court to determine if a stay is necessary to preserve Mr. Hedge's Fifth Amendment privilege.

■ In this Circuit, the Fifth Amendment does not prohibit adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.[4] *United States v. A Single Family Residence & Real Property Located at 900 Rio Vista Blvd., Fort Lauderdale*, 803 F.2d 625, 629 n. 4 (11th Cir.1986); *Baxter v. Palmigiano*, 425 U.S. 308, 317–18, 96 S.Ct. 1551, 1557–58, 47 L.Ed.2d 810 (1976). Forcing an individual to risk non-criminal disadvantage by remaining silent for fear of self incrimination in a parallel criminal proceeding does not rise to the level of an unconstitutional infringement. *Baxter*, 425 U.S. at 318, 96 S.Ct. at 1557–58; *U.S. v. White*, 589 F.2d 1283, 1287 (5th Cir. 1979). A defendant may exercise his Fifth Amendment rights by not presenting evidence which would implicate him in the criminal proceedings. *S.E.C. v. Rehtorik*, 755 F.Supp. 1018, 1020 (S.D.Fla.1990).

■ In *Rehtorik*, the defendant was the subject of a securities fraud suit brought by the S.E.C. and was also the subject of a criminal investigation. *Id.* at 1019. The district court held that to compel him to "speak" by ordering an accounting of alleged illicit funds would violate his Fifth Amendment rights. As a result, the *Rehtorik* Court

---

4. An exception to this general rule exists in cases where a defendant in both a civil and criminal case is forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings]. *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944 (11th Cir.1990), *cert. denied*, 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990), cited in, *United States v. Premises Located at Route 13*, 946 F.2d 749 (11th Cir.1991). To trigger this exception, the invocation of the privilege must result in automatic summary judgment, not merely the loss of the defendant's most "effective defense." *Pervis*, 901 F.2d at 946–47; *U.S. v. Premises*, 946 F.2d at 756. Nothing in the record indicates that Mr. Hedges would be subject to summary judgment at this early stage in the proceeding, consequently, the exception does not apply.

granted the defendant's request for a stay of the accounting procedure. *Id.* Nonetheless, the Court found that the government could otherwise continue with its civil case noting that: "Forcing an individual to risk non-criminal disadvantage by remaining silent for fear of self-incrimination in a parallel criminal proceeding does not rise to the level of an unconstitutional infringement." *Id.*

Similarly, in the case of *Wehling v. Columbia Broadcasting System,*[5] the Fifth Circuit held that once the plaintiff had validly claimed his Fifth Amendment privilege, the district court erred in not staying the civil libel action pending the outcome of a related criminal investigation and potential prosecution or the running of the applicable statute of limitations. The plaintiff in *Wehling* sought a protective order staying the civil suit in response to a discovery request. The instant case is easily distinguishable from both *Wehling* and *Rehtorik.* Here, defendant has made no specific objections nor has he sought a protective order. Instead, prior to receiving any specific requests for information, Hedges has attempted to make a preemptive strike by moving to stay the proceedings. A party is not permitted to decide for himself whether or not he is protected by the Fifth Amendment. *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). Whether there is "sufficient hazard of incrimination" is a "question for the courts asked to enforce the privilege." *United States v. Sharp,* 920 F.2d 1167, 1170 (4th Cir.1990).

Defendant's attempt to stay the proceedings at this early stage is akin to a "blanket assertion" of his Fifth Amendment privilege. Generally, a blanket refusal to produce records or to testify is insufficient to support a Fifth Amendment claim. *United States v. Roundtree,* 420 F.2d 845, 852 (5th Cir.1969). "Instead, [the party] must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." *Id.; see also U.S. v. Argomaniz,* 925 F.2d 1349, 1356 (11th

Cir.1991). "Requiring a party to object with specificity to the information sought from him permits the district court to rule on the validity of his claim of privilege." *S.E.C. v. First Financial Group of Texas,* 659 F.2d at 668.

Given the facts of this case as applied to the relevant case law, Hedges is not entitled to a stay at this time. Nevertheless, the defendant is free to exercise his "Fifth Amendment rights by not presenting evidence which would implicate" him in the criminal proceeding. *Shell Oil Co. v. Altina Associates, Inc.,* 866 F.Supp. 536 (M.D.Fla. 1994).

## IV. *RECOMMENDATION*

This Court has carefully reviewed the record in this matter as well as the applicable law and being fully advised in the premises, this Court respectfully

RECOMMENDS to the District Court that defendant Hedges' motion to stay proceedings (DE 44) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the parties shall serve and file written objections, if any, with the Honorable Lenore C. Nesbitt within ten (10) days from the date of this report and recommendation.

DONE AND SUBMITTED this 12th day of June, 1996 at West Palm Beach in the Northern Division of the Southern District of Florida.

---

**5.** 608 F.2d 1084 (5th Cir.1979).