**Robert L. HOWARD, as Receiver of First Federal Bullion Corp., bankrupt, Plaintiff,**

v.

**Jay GUTTERMAN and Robert Calcagno, Defendants.**

**Bankruptcy No. 79 Civ. 4990 (LFM).**

United States District Court,
S. D. New York.

Feb. 29, 1980.

**394**

Gerald B. Lefcourt, New York City, for defendants.

Robert L. Howard, New York City, for plaintiff.

## OPINION

MacMAHON, Chief Judge.

Defendants move to stay this action, to enlarge their time to answer, Fed.R.Civ.P. 6(b), and for a protective order sealing the file and prohibiting plaintiff from giving information about the case to nonparties, Fed.R.Civ.P. 26(c).

■ In determining whether to exercise our discretionary power to grant a stay,[1] we must consider our interest in judicial administration as well as the competing interests of the parties.[2]

■ A stay would frustrate rather than advance judicial administration. As time progresses, evidence becomes stale, memories fade, and the search for truth necessarily becomes more elusive.[3]

Defendants assert that federal and state law enforcement authorities are currently investigating them and might press charges regarding the subject matter of this action—their alleged fraudulent receipt of assets from the bankrupt. Citing *United States v. Mellon Bank, N. A.,*[4] they conclude

that resolution of any criminal case could ultimately save our time by mooting or clarifying the issues here.

Defendants' reliance on *Mellon Bank* and similar cases is misplaced in two respects. First, unlike in those cases, no indictment has yet been returned and there is no guarantee that any will be. Thus the prospect of saved time is remote. Second, plaintiff would not be a party in any criminal case. Thus, though defendants might be bound by a conviction,[5] they would probably be unable to assert an acquittal as *res judicata* against plaintiff here.

A stay would also harm plaintiff's interest, as receiver of the bankrupt, in carrying out his duty to marshal assets quickly and protect the interests of creditors of the estate. Defendants argue that this harm would be insignificant because plaintiff has been unable to locate others who may have fraudulently received the bankrupt's assets and because the $60,000 sought from defendants is only a small fraction of the total monies sought. These arguments, by suggesting that defendants may be the only parties from whom assets are ultimately recovered, only serve to underline the necessity of moving this case along.

Defendants make four arguments that a stay is necessary to protect their interests. First, they argue that, in view of the possible criminal prosecutions, any answer or provision of discovery would violate their fifth amendment right against compelled self-incrimination. This claim is premature in that no discovery has yet been sought. The relief requested is also overly broad. If and when discovery is sought, there will likely be at least some questions to which the answers would not be incriminatory and should be made.[6] The same is true of the

---

1. *See Landis v. North American Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936).

2. *Id.; United States v. Mellon Bank, N. A.,* 545 F.2d 869, 873 (3d Cir. 1976).

3. *Clark v. Lutcher,* 77 F.R.D. 415, 418 (M.D.Pa. 1977).

4. 545 F.2d 869, 873 (3d Cir. 1976).

5. *United States v. Frank,* 494 F.2d 145, 159–60 (2d Cir.) *cert. denied,* 419 U.S. 828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974).

6. Fed.R.Civ.P. 33(a); *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir.), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974).

allegations in the complaint. If defendants wish to assert their privilege by refusing to answer particular questions, they may do so at the appropriate time without the necessity of a stay.

Second, defendants argue that since they might be unwilling, from fear of future prosecution, to make statements here that they would otherwise offer, they now face an unconstitutional choice between incriminating themselves and presenting an incomplete defense.[7] But the possible consequence of asserting the privilege—that the trier of fact here, drawing an adverse inference from defendants' silence, might find them liable—is neither so automatic nor so severe as to make the dilemma unconstitutional. The fact-finder might but need not draw an adverse inference; if he does he cannot find for plaintiff in the absence of some affirmative evidence; and if he does find for plaintiff the consequence for defendants is mere loss of assets, not loss of livelihood.[8]

Third, defendants argue that their dilemma, if not unconstitutional, at least supports a discretionary stay. We disagree. This litigation is in too early a stage for the claimed harms to be a real probability. More important, acceptance of defendants' theory would allow delay of any civil action arising out of possibly criminal conduct,[9] a result that would wreak havoc with court dockets and the rightful claims of plaintiffs.

Fourth, defendants assert that plaintiff has been exchanging information about the case with federal investigators and that the government will, through plaintiff, gain access to information contained in defendants'

answer and anticipated discovery that the government would not be entitled to under the rules of criminal discovery. Those rules, however, apply only after an indictment has been returned.[10] Before such time, the government is normally free to gather evidence through means available to the public at large. Absent any claim that this action is a mere sham to gather evidence for a criminal prosecution [11]—an unlikely situation since the government is not a party—government access to court documents does not warrant a stay. Finally, there has been no showing that any cooperation between plaintiff and government authorities has been unduly burdensome or unfair to defendants.[12] For these reasons a stay is improper.

We may enlarge the time to answer "for cause shown." [13] An enlargement here would be tantamount to a stay, and for the above reasons we deny the motion for an enlargement.

■ We may make a protective order "for good cause shown." [14] Defendants have not made such a showing. They have not stated what allegations in the complaint call for incriminating responses. Even if some responses would be incriminating, defendants are free to assert their privilege as to them. We decline defendants' invitation to argument the powerful protections of the fifth amendment with a court order sealing the record.

Accordingly, defendants' motion for a stay of this action, for enlargement of their time to answer, Fed.R.Civ.P. 6(b), and for a

---

7. Cf. *Lefkowitz v. Cunningham*, 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977); *Spevack v. Klein*, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967); *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967).

8. *SEC v. Gilbert*, 79 F.R.D. 683 (S.D.N.Y.1978).

9. *DeVita v. Sills*, 422 F.2d 1172, 1178 (3d Cir. 1970).

10. Fed.R.Crim.P. 16; Note, *Developments in the Law—Corporate Crime: Regulating Corporate Behavior Through Criminal Sanctions*, 92 Harv.L.Rev. 1227, 1327–28, 1335 (1979).

11. See *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

12. See *United States v. Kordel*, 397 U.S. 1, 10–11, 90 S.Ct. 763, 768–769, 25 L.Ed.2d 1 (1970).

13. Fed.R.Civ.P. 6(b).

14. Fed.R.Civ.P. 26(c).

protective order, Fed.R.Civ.P. 26(c), is denied in all respects.

So ordered.