**Lida NOSIK, Plaintiff–Appellant,**

**v.**

**Anthony L. SINGE, individually and as Superintendent of Schools of the City of Danbury; Abner Burgos–Rodriguez, individually and as a member of the Danbury Board of Education; Gladys B. Cooper, individually and as a member of the Danbury Board of Education; Brian E. Cotter, individually and as a member of the Danbury Board of Education; Philip S. Fenster, individually and as a member of the Danbury Board of Education; Daniel J. Hogan, individually and as a member of the Danbury Board of Education; Carlo J. Marano, individually and as a member of the Danbury Board of Education; Nancy Marcus, individually and as a member of the Danbury Board of Education; John R. Mitchell, individually and as a member**

of the Danbury Board of Education; Norman E. Puffett, individually and as a member of the Danbury Board of Education; Louis A. Rotello, individually and as a member of the Danbury Board of Education; and Robert B. Sulliman, Jr., individually and as a member of the Danbury Board of Education, Defendants–Appellees.

**No. 803, Docket 94–7678.**

United States Court of Appeals, Second Circuit.

Argued Sept. 22, 1994.

Decided Nov. 22, 1994.

---

Gary A. Mastronardi, Bridgeport, CT (Matthew J. Broder, of counsel), for plaintiff-appellant.

Jeffrey R. Hellman, Hartford, CT (Linda L. Yoder, of counsel), for defendants-appellees.

Before: VAN GRAAFEILAND, MINER and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge:

Plaintiff-appellant is a school psychologist. She sued the Danbury Board of Education in the District Court for the District of Connecticut (Jose A. Cabranes, *Chief Judge*), to enjoin the Board from conducting termination hearings until after resolution of criminal proceedings against her. She moved for a preliminary injunction. The district court denied the motion, but issued a protective order sealing the record of the termination hearings. The court also denied her request for attorneys' fees as premature.

Nosik appealed, arguing that: (1) she was entitled to a preliminary injunction; (2) the protective sealing order was ineffective; and (3) she was entitled to interim attorneys' fees. We hold that the district court did not abuse its discretion in denying the preliminary injunction. We further hold that we have no jurisdiction to review either the protective order or the denial of interim attorneys' fees.

## BACKGROUND

Lida Nosik works as a school psychologist for the Danbury Board of Education (the "Board"). In 1993, state investigators arrested Nosik and her boyfriend, Michael Kovac, for allegedly defrauding car insurance companies by submitting false repair bills. Felony fraud charges are still pending against Nosik in Connecticut.

The Danbury School Administration (the "Administration") suspected that Nosik might have fraudulently obtained health insurance for Kovac by claiming that her boyfriend was her husband. The Administration asked for proof of her marriage. When Nosik refused to submit any proof, the Administration suspended her (with pay).

The Administration then investigated both the health and car insurance frauds and recommended that the Board terminate Nosik for moral misconduct. The Board decided to commence termination proceedings, and notified Nosik of her statutory right to hearings. *See* Conn.Gen.Stat. § 10–151. Nosik requested the hearings. She also asked, however, that the Board stay those hearings until the criminal proceedings concerning the car insurance fraud were resolved. The Board declined.

Still bent on staying the hearings, Nosik sued the individual members of the Board in federal court under 42 U.S.C. § 1983. She moved for a preliminary injunction, arguing that the hearings would give prosecutors a preview of her criminal defense. She also claimed that if she invoked her right against self-incrimination during the hearings, 'she would be fired.

The Board opposed Nosik's motion for a preliminary injunction. Instead, it moved for a protective order, under which the transcript, record, and exhibits of the termination hearings would remain under seal. The Board proposed that the protective order also bar everyone present at the termination hearings from divulging any testimony Nosik might choose to give at the hearings.

The district court denied Nosik's motion for a preliminary injunction, and granted the Board's motion for a protective order. The order seals the transcript, record, and exhibits of the termination hearings and bars everyone present from disclosing Nosik's testimony. In addition, the order closes the hearings, thereby preventing prosecutors from attending them. The order further provides that, should overreaching prosecu-

tors seek disclosures from the termination hearings, Nosik may return to the district court to enforce the protective order. Finally, the order denied costs or attorneys' fees to any of the parties.

With her termination hearings proceeding apace, Nosik now appeals.

## DISCUSSION

I. *Denial of the preliminary injunction.*

■ Nosik believes that the district court's denial of her application for a preliminary injunction was an abuse of discretion. She argues that, despite the protective order, the hearings will provide state prosecutors a preview of her defense in the criminal case, thereby violating her Fifth Amendment and due process rights. She envisions that the district court might yet vacate or modify the order, perhaps because it impermissibly interferes with a pending state prosecution or, perchance, prosecutors might need her testimony from the hearings. Thus, she contends that the district court should have enjoined the hearings, rather than merely issue a protective order that might prove effete. We disagree.

■ Under 28 U.S.C. § 1292(a)(1), we may review an interlocutory appeal of a denial of a preliminary injunction. To get a preliminary injunction, Nosik bears the burden of showing that she will suffer irreparable harm without it. *Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp.,* 25 F.3d 119, 122 (2d Cir.1994). She must also demonstrate either (1) that she will likely prevail on the merits or (2) that sufficiently serious questions go to the merits and the balance of hardships weighs decidedly in her favor. *Id.* In the specific context of a district court's refusal to enjoin an administrative proceeding pending the outcome of criminal proceedings, we review for an abuse of discretion. *See Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir.1986).

Nosik has not demonstrated irreparable harm. The district court's protective order freezes out state prosecutors from gaining access to the evidence presented at the termination hearings. If prosecutors seek to penetrate the veil of secrecy surrounding the termination hearings, Nosik need only ask the district court to enforce its order.

Playing devil's advocate, Nosik suggests that the district court's order would hinder prosecutors' efforts to obtain otherwise admissible evidence, and thus the order might violate the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), by interfering with a pending state prosecution.

*Younger* is totally inapposite. *Younger* prevents federal courts from enjoining pending state criminal proceedings. *See id.* at 53–54, 91 S.Ct. at 754–55. The *Younger* doctrine has been extended to bar federal courts from enjoining pending state civil or administrative proceedings that involve important state interests. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432–35, 102 S.Ct. 2515, 2521–23, 73 L.Ed.2d 116 (1982) (federal courts may not enjoin pending state bar disciplinary proceedings); *Juidice v. Vail,* 430 U.S. 327, 335, 97 S.Ct. 1211, 1217, 51 L.Ed.2d 376 (1977) (federal courts may not enjoin state court contempt proceedings). The protective order here, however, does not enjoin a pending state proceeding. Indeed, the order allows not one, but two state proceedings to continue: the termination hearings themselves and the car insurance fraud prosecution.

Nosik fantasizes that if she elects not to testify at her criminal trial, prosecutors could then have the protective order vacated by showing a compelling need for her testimony before the Board. This, of course, is sheer speculation.

■ A protective order, like any other, may be vacated or modified upon a showing of compelling need. *See Minpeco S.A. v. ContiCommodity Servs., Inc.,* 832 F.2d 739, 742–43 (2d Cir.1987). But, the possibility that Nosik might one day invoke the Fifth Amendment at her criminal trial does not automatically create for prosecutors a compelling need for the testimony that Nosik might have given at the termination hearings. *See Martindell v. International Tel. & Tel. Corp.,* 594 F.2d 291, 296 (2d Cir.1979).

Prosecutors often make do without the testimony of a defendant.

Nosik has also failed to pose a serious question on the merits of her claim for a permanent injunction, let alone demonstrated that she will likely prevail on that claim. Nothing in the Constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter. *See United States v. Kordel,* 397 U.S. 1, 11, 90 S.Ct. 763, 769, 25 L.Ed.2d 1 (1970) (the government can conduct civil and criminal proceedings concerning the same subject matter simultaneously, and need not "defer civil proceedings pending the ultimate outcome of a criminal trial"); *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C.Cir.) (en banc) ("The Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980). Although civil and criminal proceedings covering the same ground may sometimes justify deferring civil proceedings until the criminal proceedings are completed, a court may instead enter an appropriate protective order. *See Dresser Indus., Inc.,* 628 F.2d at 1376.

Accordingly, we hold that the district court did not abuse its discretion in denying Nosik's motion for a preliminary injunction.

II. *Appellate jurisdiction over Nosik's remaining claims.*

Nosik also argues that: (1) the protective order erroneously places on her the burden of preventing disclosure; and (2) she is entitled to attorneys' fees because she obtained the protective order. We conclude that we presently have no jurisdiction to hear these claims.

(1) *The protective order.*

Dismissing the distinction between protective orders and injunctions as "semantic and technical," Nosik argues that our appellate jurisdiction over injunctions encompasses interlocutory appeals of protective orders. This argument cuts too wide a swath.

We may hear interlocutory appeals only from orders "granting, continuing, modi-

fying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1) (1988). We construe the scope of Section 1292(a)(1) narrowly: "Unless a litigant can show that an interlocutory order of the district court might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981) (quoting *Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955)).

Thus, we customarily deny review of protective orders that do not grant any of the ultimate relief sought by a party if neither party can show any damage from the order. *See Fonar Corp. v. Deccaid Servs., Inc.,* 983 F.2d 427, 430 (2d Cir.1993) (vacating a preliminary injunction but declining to review a protective order). The protective order here does not stay the hearings, and thus does not grant the ultimate relief which Nosik seeks. *See Ronson Corp. v. Liquifin Aktiengesellschaft,* 508 F.2d 399, 401 (2d Cir.1974) (an order that "does not grant part or all of the ultimate relief sought" in an action cannot be appealed under § 1292(a)(1)). In addition, as already seen, Nosik has not shown that the protective order damages her in any way. *See United States v. Caparros,* 800 F.2d 23, 26 (2d Cir.1986) (without a showing of serious harm, "review cannot be granted under section 1292(a)(1)"). Accordingly, we cannot review the protective order under Section 1292(a)(1).

Finally, Nosik seeks to review the protective order under the umbrella of the collateral order doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under that doctrine, we may review an order if the order: (1) " 'conclusively determine[s] the disputed question' "; (2) " 'resolve[s] an important issue completely separate from the merits of the action' "; and (3) is " 'effectively unreviewable on appeal from a final judgment.' " *Gulfstream Aerospace Corp. v. Ma-*

*yacamas Corp.,* 485 U.S. 271, 276, 108 S.Ct. 1133, 1137, 99 L.Ed.2d 296 (1988) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

■ Nosik fails to meet at least two of these factors. First, the protective order conclusively resolves no claims. As Nosik herself admits, the order may be vacated or modified. Second, the order does not resolve any issues wholly separate from the merits of the action. Nosik wants to enjoin the termination hearings in order to prevent prosecutors from getting a preview of her defense to the car insurance fraud charges. The protective order allows those hearings to continue, but prevents prosecutors from effectively stealing Nosik's playbook. The issues are hardly separate.

Accordingly, we dismiss for lack of jurisdiction that portion of Nosik's appeal which challenges the protective order.

*(2) Interim attorneys' fees.*

■ Nosik also assumes that we have jurisdiction to entertain an interlocutory appeal from a refusal to award interim attorneys' fees under 42 U.S.C. § 1988. We do not. *See Hastings v. Maine–Endwell Cent. Sch. Dist.,* 676 F.2d 893, 896 (2d Cir.1982) (holding that an order awarding interim attorneys' fees "is not an injunctive order within the meaning of § 1292(a)(1)" and that an award of interim fees cannot be regarded as part of a preliminary injunction). We also dismiss this portion of her appeal.

## CONCLUSION

All of Nosik's arguments concerning the district court's denial of her motion for a preliminary injunction lack merit. We therefore affirm the district court's denial of the preliminary injunction and dismiss for lack of jurisdiction Nosik's remaining claims of error.