In re TOWER METAL ALLOY
COMPANY, Debtor.

Ruth A. SLONE–STIVER, Trustee
in Bankruptcy, Plaintiff,

v.

Mark P. KOSSOFF, et al., Defendants.

Bankruptcy No. 91–32828.
Adv. No. 94–0281.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Aug. 29, 1995.

John Paul Rieser (Rieser & Marx, of counsel), Dayton, Ohio, for Plaintiff/Trustee.

David P. Williamson, Bieser, Greer & Landis, Dayton, Ohio, for Defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTIONS FOR STAY OF PROCEEDINGS

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a "Motion by Defendant Leslie R. Broock for Stay" (Doc. #16) and "Motion by Defendants Burnett Road, Inc., and M. Kasco, Inc., for Stay" (Doc. #17). The court is also considering the "Motion for Extension of Time to Answer or Otherwise Plead" filed by Mark Kossoff (Doc. #26). The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district.

### PROCEDURAL POSTURE

On December 30, 1994, Ruth A. Slone–Stiver, as the trustee in bankruptcy for debt- or Tower Metal Alloy, Co., filed an adversary proceeding against defendants Mark P. Kossoff, Leslie R. Broock, Mark P. Kossoff dba Ohio Silver Reclaiming, Burnett Road, Inc., and M. Kosco, Inc. In her complaint, Plaintiff–Trustee alleges the existence of voidable prepetition and postpetition transfers, fraudulent conveyances, violations of 18 U.S.C. § 1961 et seq. ("RICO"), theft, conversion, and fraud.

Presently before the court are motions of defendants Leslie R. Broock, Burnett Road, Inc., and M. Kosco, Inc. ("Movants") to stay all proceedings in this adversary proceeding in order to protect the Fifth Amendment rights of the defendants. In their motions the Movants state that:

The office of the United States Attorney for the Southern District of Ohio has advised counsel for Mr. Broock that Mr. Broock is a target of a federal investigation and that his wife Sharon and his daughter Mindi are subjects of a federal investigation. Mr. Broock believes that Mr. Kossoff is also a target and that Mr. Broock's father, Ben Broock, is also a subject of a federal investigation. Those investigations have been in progress for a substantial period of time and are continuing. The U.S. Attorney has further advised Mr. Broock's counsel that those investigations are in their later stages but no indictment has been returned. Doc. #16 at 6–7.

Movants maintain that:

Due to a dichotomy created when an individual, subjected to parallel civil and criminal proceedings, must choose between his constitutional right against self-incrimination and the possible imposition of civil liability for failure to defend, courts have been willing to stay civil proceedings pending the resolution of related criminal proceedings. The existence of that very dichotomy faced by the defendants in this proceeding, along with considerations of judicial economy weigh towards the entry of an order staying the adversary proceeding filed by the plaintiff/trustee until such

time as the criminal investigation against these defendants is resolved. *Id.* at 7.

## CONCLUSIONS OF LAW

■ The Fifth Amendment of the U.S. Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself."

The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.

*Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973).

■ The constitution does not, however, ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (D.C.Cir.1980). *Accord, Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir.1995); *Nosik v. Singe,* 40 F.3d 592, 596 (2d Cir.1994).

"In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Dresser,* 628 F.2d at 1374. "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [ ] to require such action.'" *Id.* at 1375 (quoting *United States v. Kordel,* 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 769 n. 27, 25 L.Ed.2d 1 (1970)).

*Keating v. Office of Thrift Supervision, supra,* 45 F.3d at 324.

■ In determining whether to stay civil proceedings in the face of parallel criminal proceedings, the court must consider the particular circumstances and competing interests involved in the case. *Federal Sav. and Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir.1989).

Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated. (citation omitted) Other factors a court should consider will vary according to the case itself, but generally will include:

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 902–903.

The Court of Appeals for the Sixth Circuit has not considered the above criteria, and because the court is being requested to exercise its discretion under § 105 of the Bankruptcy Code, the court has chosen not to apply the suggested factors in a formalistic, mechanical fashion. Instead, the court has focused on the facts it has determined to be important, given the particular circumstances of this adversary proceeding.

■ Defendant Mark P. Kossoff has not filed a motion requesting a stay, and, therefore, there is no basis to impose a stay in this adversary proceeding as to him. Further, the Fifth Amendment privilege of Mr. Kossoff is *personal* to him. The privilege "adheres basically to the person, not to information that may incriminate him." *Couch v. United States,* 409 U.S. 322, 328, 93 S.Ct. 611, 616, 34 L.Ed.2d 548 (1973). Mr. Broock and the other movants may not assert Mr. Kossoff's privilege for him.

■ The motions of Burnett Road, Inc., and M. Kosco, Inc., for a stay of proceedings will be denied for the fundamental reason that "a corporation has no Fifth Amendment privilege." *Braswell v. United States,* 487 U.S. 99, 105, 108 S.Ct. 2284, 2288, 101

L.Ed.2d 98 (1988). It has been the Supreme Court's "consistent view that the privilege against compulsory self-incrimination should be 'limited to its historic function of protecting only the natural individual from compulsory incrimination through his own testimony or personal records.'" *Bellis v. United States,* 417 U.S. 85, 89–90, 94 S.Ct. 2179, 2184, 40 L.Ed.2d 678 (1974) (citation omitted). Movants appear to acknowledge that the corporations in this adversary proceeding do not have a Fifth Amendment privilege but maintain that:

> [S]ince individuals admittedly have the privilege, the result is the same because the corporation will respond to all questions through an individual and all individuals will assert the privilege in response to questions to them regarding the corporation.

Doc. #24 at 4.

■ Although the individuals answering questions on behalf of the corporations may assert their own individual Fifth Amendment privileges, such assertions do not clothe the corporations with a Fifth Amendment privilege. Further, although the issue is not presently before the court, in view of the movants' statement above, movants are reminded that upon service of interrogatories upon the corporations, the corporations are *obliged* to appoint agents who can, without fear of self-incrimination, furnish such requested information as is available to the corporations. *United States v. Kordel,* 397 U.S. 1, 8, 90 S.Ct. 763, 767, 25 L.Ed.2d 1 (1970).

> "It would indeed be incongruous to permit a corporation to select an individual to verify the corporation's answers, who because *he* fears self-incrimination may thus secure for the corporation the benefits of a privilege it does not have." Such a result would effectively permit the corporation to assert on its own behalf the personal privilege of its individual agents.

*Id.* (citation omitted).

■ With regard to Mr. Broock's motion, the court finds three particular circumstances of this case to be especially significant. The first is the fact that there is presently no indictment against Mr. Broock. While it is clear that there is an extremely strong case for deferring civil proceedings until after completion of criminal proceedings where a party is *under indictment* for a serious offense and required to defend a civil or administrative action involving the same matter, *Dresser, supra,* 628 F.2d at 1375–1376, the case for staying the civil proceeding where no indictment has been returned is "a far weaker one." *Id.* at 1376. Indeed, in the federal courts of New York state it appears to be the rule that "[p]re-indictment requests for a stay of civil proceedings are generally denied." *United States v. Private Sanitation Industry Ass'n,* 811 F.Supp. 802, 805 (E.D.N.Y.1992).

The second important factor is that the government is not the plaintiff in this adversary proceeding. One of the reasons for granting stays where there are concurrent civil and criminal proceedings is the fear that the government may abuse the broader discovery provisions of civil law and thereby undermine a defendant's Fifth Amendment rights.

> The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.

*SEC v. Dresser Industries, Inc., supra,* 628 F.2d at 1376. *Accord, Afro–Lecon, Inc. v. U.S.,* 820 F.2d 1198, 1203 (Fed.Cir.1987) ("We agree with the court's assessment in *Dresser* that parallel proceedings may result in the abuse of discovery.")

Finally, the court notes that, in general, "courts are mindful that a policy of issuing stays 'solely because a litigant is defendant simultaneous multiple suits would threaten to become a constant source of delay and an interference with judicial administration.'" *Arden Way Associates v. Boesky,* 660 F.Supp. 1494, 1497 (S.D.N.Y.1987) (citation

omitted). In particular, Mr. Broock's position would have even more significant effects upon judicial administration by requiring the court to suspend any civil proceeding containing the possibility of criminal prosecution until either a criminal prosecution has been commenced and completed, or until the relevant statute of limitations has expired. Such "a result would wreck havoc with court dockets and the rightful claims of plaintiffs." *Howard v. Gutterman,* 3 B.R. 393, 395 (S.D.N.Y.1980).

Based on the foregoing the court finds that, at this time, there has been no showing by movants of undue prejudice upon movants or interference with their constitutional rights and therefore no reason why the plaintiff should be delayed in her efforts to proceed with this adversary proceeding. In the event an indictment is returned against one of the movants, that party may, of course, file an additional motion for relief in these proceedings.

It is hereby ORDERED that movants' motions (Doc. #16 and #17) for a stay of proceedings are DENIED. It is further ORDERED that the Mark Kossoff Motion for Extension of Time to Plead (Doc. #26) is GRANTED.