[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiffs have filed an interlocutory appeal of a preliminary finding by an administrative hearing officer. The appeal is taken pursuant to General Statutes §4-183 (b) of the Administrative Procedures Act (hereinafter "A.P.A.").
The parties to this action are the plaintiffs; Joseph J. Farricielli, Hamden Salvage, Inc.; Tire Salvage, Inc.; and North Haven Tire Disposal, Inc. The respondent is the State of Connecticut Department of Environmental Protection (DEP).
The plaintiff Farricielli is the controlling officer of the corporate parties. Plaintiffs own approximately 98 acres of contiguous real property in Hamden and North Haven Connecticut. The property has been used as a tire disposal facility, with a large pond site containing millions of used tires.
A DEP permit had been issued to one of the corporate defendants for the operation of a tire landfill. There are allegations that the plaintiffs have without authorization expanded the use of their property to dump demolition debris, sewage sludge, solid wastes, asbestos and other hazardous waste. (See Arrest Warrant of Joseph J. Farricielli, Docket # 173351, Superior Court, G.A. 7 Meriden.)
The administrative proceedings arose from rulings of a DEP hearing officer in the matter of order No. SW 377 and CT Page 595 SCEL-95-1027V and Notice of Tentative Determination of Application 91-117. The orders find that the plaintiffs built, established, altered and/or operated a solid waste facility without a permit in violation of General Statutes §22a-208a; disposed of asbestos in violation of § 19a-323 and further violated statutes relating to tidal wetland § 22a-32, stream channel encroachment § 22a-342, structures and dredging § 22a-361 and water pollution control § 22a-430. The plaintiffs were ordered to remediate the site, post a $750,000 bond and cease all receipt of solid waste at their facilities.
The DEP also gave notice of a tentative determination to deny the application of Tire Salvage, Inc. for a permit to discharge water, substance or materials into the waters of the state at their site.
The plaintiffs requested an administrative hearing on the orders and notice of tentative determination. The DEP gave notice that a hearing on the orders and notice of tentative determination was scheduled to begin on April 10, 1996 at DEP's Hartford Office. The plaintiffs served discovery request upon the DEP; and the DEP served discovery requests upon each of the plaintiffs.
The plaintiff Farricielli had been arrested on April 8, 1996 and charged with two counts of operating a solid waste facility without a permit in violation of General Statutes § 22a-208a
and one count of disposal of asbestos in violation of §22a-252. These crimes are misdemeanors (maximum penalties of one year in jail) but allow for fines of $25,000 per day. Mr. Farricielli's first appearance date was April 24, 1996, and the charges are still pending in the Superior Court for the Judicial District of New Haven at Meriden.
The plaintiffs, on April 16, 1996, filed with the DEP hearing officer a motion to stay the administrative proceedings before DEP and a request for a protective order until such time as the criminal proceedings against Mr. Farricielli were concluded.
The DEP hearing officer denied the motion to stay the hearing and granted the protective order "only as to the discovery requests proposed to Farricielli." (Rec. 114 p. 3.)
This appeal is from the interlocutory order of the DEP CT Page 596 hearing officer.
The plaintiffs at the time of filing of their administrative appeal sought and obtained an ex parte restraining order from the court (Booth, J.) on April 30, 1996. The restraining order prohibits the DEP from pursuing discovery against any of the plaintiffs and from requiring Mr. Farricielli to testify or exercise his right not to testify.
The defendant filed its answer to the administrative appeal on May 9, 1996, the return of record on May 16, 1996, and a motion to dismiss on May 23, 1996. The plaintiffs on May 23, 1996 filed motions to add party defendant and amend the complaint to add a count under 42 U.S.C. § 1983. The defendant based on plaintiffs' assertion of a federal cause of action removed the case to federal court on May 29, 1996. Following the voluntary dismissal of the 42 U.S.C. § 1983 by the plaintiffs, the administrative appeal was remanded to this court on July 15, 1996. The parties argued the motion to dismiss on August 13, 1996. The Court (Barnett, J.) denied the motion to dismiss on August 22, 1996.
Despite the convoluted procedural history what is presented by this appeal is a rather simple question of whether the hearing officer abused his discretion in ruling on plaintiffs motion for a stay and protective orders.
It is unequivocally a discretionary power of a tribunal to stay proceedings where there are parallel civil and criminal proceedings.
 The Constitution, therefore, does not ordinarily require a stay of civil proceedings, pending the outcome of criminal proceedings. Nevertheless, a court may decide in its discretion to stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action. . . . The court must make such determinations in the light of the particular circumstances of the case.
 Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil CT Page 597 proceedings until after completion of criminal proceedings is where a party under indictment for a serious criminal offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred might undermine the party's Fifth Amendment privileges beyond the limits of Federal Rules of Criminal Procedure 16(b), expose the basis of defense to the prosecution in advance of criminal trial or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.
Securities Exchange Commission v. Dresser Industries, Inc.,628 F.2d 1368, 1375-76, cert. denied 449 U.S. 993, 101 S.Ct. 529,66 L.Ed.2d 289 (1980). Also see Federal Savings Loan v. Molinaro,889 F.2d 899, 903 (9 Ct. Cir. 1989); Nosik v. Singe, 40 F.3d 592,596 (2d Cir. 1994) and United Tech. Corp., Hamilton Standard Div.v. Dean, 906 F. Sup. 27, 28 (USDC Ma. 1995).
The authority follows the United States Supreme Court ruling in United States v. Kordel, 397 U.S. 1, 90 S.Ct. 703,25 L.Ed.2d 1 (1970) recognizing that there is no prohibition on parallel criminal and civil proceedings. The postponement of civil proceedings is a matter of discretion with the tribunal based upon the interests of justice.
In cases involving administrative appeals, it is not the function of the trial court to substitute its judgment for that of the agency; the scope of the court's review is very restricted. Lawrence v. Kozlowski, 171 Conn. 705, 707-708 (1976) cert. denied 431 U.S. 969; Madew v. Muzio, 176 Conn. 374, 376
(1978); Buckley v. Muzio, 200 Conn. 1, 3 (1986); O'Rourke v.Commissioner, 33 Conn. App. 501, 506 (1994); Kalakowski v.Hadley, 43 Conn. App. 636, 642 (1996). "Rather an agency's factual and discretionary determinations are to be accorded considerable weight by the courts." Board of Administration v.Bridgeport Community Television Co., 168 Conn. 294, 298-99
(1975); Connecticut Hospital Assn. Inc. v. Commission onHospitals and Health Care, 200 Conn. 133, 140 (1986); StateMedical Society v. Board of Examiners in Podiatry, 208 Conn. 709,777 (1988).
The plaintiffs claims on the merits are as follows: CT Page 598
 1. Where an individual's right against self incrimination is imperiled in the course of parallel criminal and civil proceedings arising from the same facts, the appropriate remedy is to stay the civil proceedings pending resolution of the criminal proceedings.
 2. Where the order designates Mr. Farricielli as president and director of Hamden Salvage, Inc.; Tire Salvage, Inc.; and North Haven Tire Disposal, Inc.; Mr. Farricielli's constitutional rights against self incrimination will be violated even if the administrative proceeding is continued against only the corporate appellants.
 3. Where Mr. Farricielli is the subject of two separate legal proceedings, one civil and one criminal, he is exposed to multiple prosecution and double jeopardy.
 4. The Court has discretion to grant injunctive relief pursuant to plaintiffs' claim under 42 U.S.C. § 1983, even if plaintiffs' administrative appeal is dismissed as premature.
The double jeopardy claim is resolved by reference to the recent decision in State v. Hickam, 235 Conn. 614 (1995). Hickam
found no double jeopardy in the scenario of administrative license suspension coupled with criminal prosecution for operating under the influence of alcohol or drugs. The remedial nature of the administrative action here is even more apparent. The hearing officer appropriately characterized the DEP orders as "unequivocally remedial in nature, designed to bring the subject sites and facilities into compliance with our environmental laws and to ensure protection of public health, safety, and the environment . . . a goal entirely consistent with the policies articulated in our statutes. (See e.g. General Statutes §§22a-1, 22a-1a, 22a-5, 22a-5a.) (R. 114.) Plaintiff makes no effort to distinguish Hickam, and fail even to cite this controlling authority in its brief.
The due process claim under 42 U.S.C. § 1983 is not before the court, as plaintiffs have voluntarily dismissed that CT Page 599 claim.
Plaintiffs' argument that Mr. Farricielli's constitutional rights will be violated by proceedings against the corporate plaintiffs is not supported by any case citations. It is also made in the absence of any record of Mr. Farricielli's role in the operation of such corporations. It further is controverted by the general rule that parallel civil and criminal proceedings are not prohibited (State v. Hickam, supra; United States v. Kordel, supra); as well as authority that corporations do not have a privilege against self incrimination. Lieberman v. ReliableRefuse Co., 212 Conn. 661, 667 (1989); State v. Beller, 190 Conn. 594,600 (1983).
The plaintiffs' remaining claim is that in the parallel civil and criminal proceeding scenario, a stay of the civil (or administrative) action, until resolution of the criminal case, is appropriate. The plaintiffs' characterization of the claim and their argument misstate the law. The authority of United Statesv. Kordel, supra, and Securities Exchange Commission v.Dresser, supra, is that a stay is permissible in the interests of justice and occasions no serious injury to the public interest. The general rule is that parallel proceedings may proceed; not that they generally should be prohibited.[1]
In the instant case the individual plaintiffs face three misdemeanor criminal counts and seek to prohibit administrative actions addressed at ameliorating serious environmental hazards. If this case calls for a stay it is difficult to envision a scenario where a stay would not be as appropriate. This is not to make light of the difficult choices confronting Mr. Farricielli or the significance of any criminal proceeding. However, this exception would swallow the rule. To hold that weighing a potentially massive environmental problem with evident public health concerns against criminal misdemeanor prosecutions is an abuse of discretion; eliminates the exercise of any discretion by the agency or trial court.
The cases cited by the plaintiffs where stays have been entered are easily distinguishable. Plaintiffs primarily cite civil forfeiture cases (Brock v. Talkow, 109 F.R.D. 119, U.S. v.Certain Real Property, 751 F. Sup. 1060, 1062 (E.D.N.Y. 1989);U.S. v. All Assets of Statewide Auto Parts, Inc., 971 F.2d 896
(2nd Cir 1992); U.S. v. 4003-4005 5th Ave. Brooklyn, N.Y.,55 F.3d 78 (2nd Cir. 1995); U.S. v. Property at 850 S. Maple AnnCT Page 600Arbor, Mich., 743 F. Sup. 505 (E.D. Mich. 1990). U.S. v. U.S.Currency, 626 F.2d 11 (6th Cir.) cert. denied 449 U.S. 993
(1980). In these cases there is little if any public interest in not awaiting the criminal trial of the criminal charge. The only other cases cited where stays were granted involved a shareholders suit (Dienstag v. Bronsen, 49 F.R.D. 327 (1970), and a libel action, (Wehling v. Columbus Broadcasting Systems,608 F.2d 1084 (5th Cir. 1979). These actions again involved little if any public interest in the civil proceedings, and thus the exercise of discretion was permissible.
Plaintiffs cite no case in which the failure to grant a stay was found to be an abuse of discretion.
The Dresser case, supra, articulates the rule noting: "Thus we should not block parallel investigations by these agencies in the absence of `special circumstances' in which the nature of the proceedings demonstrably prejudices substantial rights of the investigated party or of the government." 628 F.2d at 1377. The special circumstances noted at 628 F.2d 1375-76 are "specific evidence of agency bad faith or malicious governmental tactics" and/or "where a party under indictment for serious criminal offenses is required to defend a civil or administrative action involving the same matter." Arguably the misdemeanor counts and potential fines could constitute "serious criminal offense" involving the same matter as the DEP action. Even if those failures were found, delay of the noncriminal proceeding "may be justified" if it "would not seriously injure the public interest."
In the instant case the DEP seeks to confront a 95 acre landfill with millions of used tires where there is evidence of repeated illegal sludge, solid waste and hazardous material dumping. The site is near the Quinnipiac River and the public health and safety risk is clearly evident. In these circumstances the denial of a stay was not an abuse of discretion. To the contrary, a stay in this case would be abusive of the public interest in environmental safety.
The appeal of the plaintiffs is dismissed. In that the plaintiffs' appeal has been dismissed, the stay ordered in this file is vacated.
Robert F. McWeeny, J. CT Page 601