In re FINANCIAL FEDERATED TITLE & TRUST, INC. a/k/a Asset Security Corp. a/k/a Viatical Asset Recovery Corp., a/k/a Quad–B–Ltd., a/k/a American Benefits Services, Inc., Debtor.

John W. Kozyak, Trustee, Plaintiff,

v.

Cheryl Poindexter, individually; and AWE Entertainment, Inc., f/k/a AWE Productions, Inc., d/b/a Poindexter Design and/or Poindexter Design Publications, Defendants.

Bankruptcy No. 99–26616–BKC–RBR. Adversary No. 00–2130–BKC–RBR–A.

United States Bankruptcy Court, S.D. Florida, Broward Division.

Sept. 13, 2000.

Arthur Halsey Rice, Rice & Robinson, P.A., Miami, FL, for trustee.

Scott L. Baena, Strook & Strook & Lavan LLP, Miami, FL, for defendants.

### ORDER DENYING MOTION TO STAY ADVERSARY PROCEEDING

RAYMOND B. RAY, Bankruptcy Judge.

This matter came before the Court for hearing on July 11, 2000 upon the *Motion by Defendants to Stay Adversary Proceeding and Incorporated Memorandum of Law* (C.P. # 28) (the *"Motion to Stay"*), and the Trustee's *Response* thereto (C.P. # 46) (the *"Response"*). The Court, having considered the *Motion to Stay* and the *Response,* having heard argument of counsel, and being otherwise duly advised in

the premises, makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

On October 28, 1999, John W. Kozyak (the "Trustee") was appointed as Chapter 11 Trustee in the bankruptcy case of *In re Financial Federated Title & Trust, Inc. a/k/a Asset Security Corp. a/k/a Viatical Asset Recovery Corp. a/k/a Quad–B–Ltd. a/k/a American Benefits Services, Inc.,* Case No. 99–26616–BKC–RBR, ("FinFed" or "Debtor"). Thereafter, on or about March 20, 2000, the Trustee filed his First Amended Complaint to Avoid Fraudulent Transfers and for Other Relief (the "Complaint") against Cheryl Poindexter ("Poindexter") and AWE Productions, Inc. ("AWE") (collectively the "Defendants") in the instant Adversary Proceeding.

The Complaint alleges that between January 1, 1999 and September 1, 1999, FinFed fraudulently transferred funds totaling $560,000.00 to the Defendants. It makes no allegations as to the conduct or intent of the Defendants beyond their receipt of the funds in exchange for less than reasonably equivalent value. The Complaint contains two counts for avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A) and (a)(1)(B), and two counts under their state law counterparts, Florida Statutes § 726.105(1)(a) and (b), and § 726.106. It also contains a count for recovery of the value of the transfers under 11 U.S.C. § 550.[1]

To prevail on his fraudulent transfer claims under both state and federal law, the Trustee must show that FinFed made the transfers to Poindexter with intent to defraud or delay creditors. § 548(a)(1)(A); Fla.Stat. § 726.105(1)(a). The Trustee must also prove that FinFed (i) was insolvent at the time of the transfers; (ii) was engaged in a business for which there was little remaining capital; or (iii) intended to incur debts for which it could not pay at

the time of the transfers. § 548(a)(1)(B), Fla.Stat. §§ 726.105(1)(a) and 726.106.

On May 26, 2000, the grand jury in the related criminal case of *U.S.A. v. Brandau, et al.,* Case No. 99–8125–CR–HURLEY/Johnson (the "Criminal Case") returned a *Second Superceding Indictment* (the "*Indictment*"). The *Indictment* contains 53 counts naming 17 individual defendants. AWE, a Defendant in this Adversary Proceeding, is not charged in the Indictment and is not a defendant in the Criminal Case.

The Indictment charges Poindexter with one count of Conspiracy to Launder the Proceeds of Illegal Activity in violation of 18 U.S.C. § 1956(h), one count of Financial Transactions with Mail and Wire Fraud Proceeds and with the Intent to Conceal or Disguise the Nature, Source, or Ownership of the Proceeds in violation of 18 U.S.C. § 1956(a)(1)(B), and one count for Criminal Forfeiture in violation of 18 U.S.C. § 982(a)(1). More specifically, the *Indictment* alleges that Poindexter knowingly and intentionally caused the sum of $197,727.19 in mail and wire fraud proceeds to be transferred to and from certain specific bank accounts in Miami, California, and the Bahamas in furtherance of a conspiracy to conceal the proceeds of FinFed's illegal activity, and seeks forfeiture of her property to the extent it was involved in or can be traced to this offense.

A conviction for violation of §§ 1956(h) requires that the government prove the following three elements: (1) a conspiracy, agreement, or understanding to commit money laundering was formed, reached, or entered into by two or more persons; (2) at some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment in order to further or advance the purpose of the agreement; and

---

1. The Complaint also sought to recover an automobile but that Count was dismissed by the Trustee.

(3) at some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and then deliberately joined the conspiracy, agreement or understanding. 18 U.S.C. § 1956(h); *United States v. Conley*, 37 F.3d 970, 976–77 (3d Cir.1994).

A conviction under § 1956(a)(1)(B) requires proof of the following elements: (1) use of funds that are proceeds of unlawful activity; (2) knowledge that the funds are proceeds of unlawful activity; and (3) conduct or attempt to conduct a financial transaction, knowing that the transaction is designed in whole or in part to disguise the nature, location, source, ownership or control of the proceeds or to avoid a transaction reporting requirement under State or Federal law. 11 U.S.C. § 1956(a)(1)(B); *United States v. Moss*, 9 F.3d 543, 551 (6th Cir.1993). 18 U.S.C. § 982 allows a court to enter an order requiring a person convicted of one of these crimes to forfeit to the government any property involved in or traceable to the offense.

On June 5, 2000, the Defendants filed their *Motion to Stay*, seeking to stay the continuance of this Adversary Proceeding until the conclusion of the criminal case.

### CONCLUSIONS OF LAW

■ A stay of a civil proceeding pending the outcome of a criminal proceeding is not constitutionally required, but may be granted when "special circumstances" so require in the "interests of justice." *United States v. Kordel*, 397 U.S. 1, 12, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).

The Defendants claim that a stay is warranted in the instant case because Defendant Poindexter has recently been indicted in the Criminal Case and plans to invoke her Fifth Amendment privilege against self-incrimination in this Adversary Proceeding. The Defendants contend that to proceed with the Adversary Proceeding would force her to choose between invoking the privilege and testifying in her defense, amounting to an unconstitutional infringement on her constitutional rights.

■ The Defendants cite several cases from outside this jurisdiction which articulate numerous factors a court should consider to determine the necessity for a stay of a civil proceeding on constitutional grounds where there is a pending criminal proceeding against the same defendant.[2] However, the standard set by the Eleventh Circuit as to when a stay is mandated to prevent unconstitutional infringement is more narrow and less subjective. Rather, the law in the Eleventh Circuit requires a consideration of whether, as a result of invoking the privilege, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue. *United States v. Lot 5*, 23 F.3d 359, 364 (11th Cir.1994); *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944 (11th Cir.1990).

In *United States v. Lot 5*, 23 F.3d 359, *supra*, the defendant was the target of an investigation of a drug conspiracy as well as a civil forfeiture proceeding. *Id.* at 360. The defendant moved for a stay of the civil forfeiture proceeding on the grounds that the government planned to indict her, and that a stay would preserve her right to due process of law and her privilege against self-incrimination. *Id.* at 363–364. Like Poindexter in the instant case, the defendant in *Lot 5* claimed that she was faced with the dilemma of whether to remain silent and allow the forfeiture, or testify in the forfeiture proceeding and expose herself to incriminating admissions that could

**2.** The Defendants refer the Court to the following cases: *Walsh Secs., Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523, 526–27 (D.N.J.1998); *In re Quality Med. Consultants, Inc.*, 192 B.R. 777, 780 (Bankr.M.D.Fla. 1995); *Fidelity Nat'l Title Ins. Co. of N.Y. v. Nat'l Title Resources Corp.*, 980 F.Supp. 1022, 1024 (D.Minn.1997); *Jackson v. Johnson*, 985 F.Supp. 422, 424 (S.D.N.Y.1997); *Sidari v. Orleans County*, 180 F.R.D. 226, 229 (W.D.N.Y.1997); and *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 809 (N.D.Cal.1989)

be used against her in a subsequent criminal trial. *Id.* at 364. The stay was denied by the District Court and the defendant appealed.

On appeal, the Eleventh Circuit expressed that "a blanket assertion of the privilege is an inadequate basis for the issuance of a stay." *Id.* The Court also determined that a court could deny a stay "so long as the privilege's invocation does not compel an adverse judgment against the claimant." *Id.* (citing *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir.1991)). Because the defendant could not demonstrate that her invocation of the privilege resulted in a certain loss of the civil forfeiture proceeding, the court affirmed the District Court's denial of her request for a stay. *Id.*

■ Under this standard, Defendant Poindexter must show that invocation of the privilege in the instant Adversary Proceeding will result in certain loss by automatic summary judgment. *United States v. Two Parcels of Real Property*, 92 F.3d 1123, 1129 (11th Cir.1996); *Pervis*, 901 F.2d at 946–47. This must be an actual adverse judgment, and not "merely the loss of the defendant's most 'effective defense.'" *S.E.C. v. Incendy*, 936 F.Supp. at 955 (S.D.Fla.1996); *Shell Oil Co. v. Altina Assoc.*, 866 F.Supp. 536, 540–41 (M.D.Fla. 1994). The Defendants make no such showing in the instant case.

■ In this case, the Court finds that Poindexter's refusal to testify will not give rise to automatic liability subjecting the Defendants to an unfavorable summary judgment. Even if all of the allegations against Poindexter as to her receipt of the transfers were taken as true in light of her silence, the Trustee must still carry the burden of proving all of the elements of his complaint for fraudulent transfers under state and federal law, which include FinFed's fraudulent intent, insolvency, and financial condition at the time of the transfers to the Defendants. Moreover, the Defendants can challenge the Trustee's allegations through expert testimony and other evidence, without exposing Poindexter to the risk of incrimination.

■ The Court acknowledges that Poindexter's invocation of her Fifth Amendment privilege would not prohibit the Trustee from arguing that an adverse inference be drawn against her in this proceeding as to that information on which she has chosen to remain silent. *Baxter v. Palmigiano*, 425 U.S. 308, 317–18, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). However, under the standard set by the Eleventh Circuit, the mere possibility of disadvantage in a civil proceeding, such as that which might result from this adverse inference, is insufficient to justify a stay in the instant case. *See, S.E.C. v. Rehtorik*, 755 F.Supp. 1018 (S.D.Fla.1990) (stay denied where court found that defendants' exercise of Fifth Amendment rights would not give rise to automatic liability); *Shell Oil Co.*, 866 F.Supp. at 541–42 (stay denied where defendant invoking privilege would not be subject to summary disposition as a result). Indeed, even severe disadvantage rising to the level of Poindexter losing her best defense would not meet the test in this Circuit. *S.E.C. v. Incendy, supra* at 955.

■ The Court also finds that the *Stay Motion* should be denied as to Defendant AWE. AWE has not been indicted and is not a party to any pending criminal action. Furthermore, there exists no Fifth Amendment privilege for a corporate defendant. *Braswell v. United States*, 487 U.S. 99, 105, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988). *See also, In re Tower Metal Alloy Co.*, 188 B.R. 954, 956–57 (Bankr. S.D.Ohio, 1995) (denying motion for stay of civil proceedings filed by corporate defendants because corporation has no Fifth Amendment privilege).

■ Further, the Court rejects Poindexter's argument that her participation in discovery in the Adversary Proceeding might "extend criminal discovery beyond applicable limits," thereby prejudicing her

in the Criminal Case. While there are certain differences in scope between permitted discovery under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, the Court fails to see how this difference could have any impact on Poindexter's cases. First, the government is not a party to this Adversary Proceeding, and it will not be conducting discovery in this matter. In addition, if Poindexter asserts her Fifth Amendment privilege as she suggests she will, the government would gain little or no information that could be used against her in the Criminal Case. The Fifth Amendment does not protect Poindexter from the testimony of others.

The case cited by the Defendants in support of their claim that the difference in the scope of the discovery should be considered in granting a motion for stay, *Campbell v. Eastland*, 307 F.2d 478 (5th Cir.1962), is completely inapplicable. *Campbell* involved a litigant using a civil case to obtain discovery from the government as to a possible case it might have against him. The court granted the stay of the civil proceeding because "a litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit." *Id.* at 487. As stated above, the government is not a litigant in this civil proceeding. Therefore, the Campbell case and its reasoning is inapplicable. *See, e.g., In re Who's Who Worldwide Registry, Inc.*, 197 B.R. 193, 197 (Bkrtcy.E.D.N.Y.1996) (where government is a party to Adversary Proceeding, and parallel criminal case is pending, government is precluded from discovery as to issues raised in complaint).

█ Finally, although not required under the narrow standard set by the Eleventh Circuit for determining whether a stay should be granted on Fifth Amendment grounds, a balancing of the interests involved warrants the conclusion that a stay is not justified in this instance. As discussed above, continuation of this Adversary Proceeding presents no impermissible threat to Poindexter's Fifth Amendment privilege. She will have the right to assert such privilege, as well as participate in the proceeding as it relates to discovery of third parties. Moreover, at trial, Poindexter will have the unfettered right to contest the Trustee's proof, as well as present those defenses which may negate liability. Because the Trustee's claims require proof of issues and facts quite distinct from the allegations of the Indictment, she can do so with little risk of incrimination in the Criminal Case.

On the other hand, a stay would severely prejudice the Trustee's legitimate interest in the expeditious resolution of this Adversary Proceeding in order to make a distribution to creditors. The longer this Adversary Proceeding is delayed, the less likely it is that the Trustee will be able to recover the assets that are sought. This is particularly true in light of the fact that "over time, the likelihood of witnesses becoming unavailable, memories fading, and documents being lost increases dramatically." *S.E.C. v. Incendy*, 936 F.Supp. at 955.

Contrary to the assertions of the Defendants with regard to the effect the invocation of the privilege might have on discovery, the interests of this Court, as well as the public interest in administering the estate and compensating creditors, can only be served by resolving this Adversary Proceeding, including any discovery issues which may arise, as efficiently and expeditiously as possible.

Accordingly, for the reasons set forth above it is

**ORDERED AND ADJUDGED** that the *Motion to Stay* is **DENIED** without prejudice. This Adversary Proceeding shall proceed according to the schedule set by this Court.