**In re MGL CORPORATION, Debtor.**

**John T. Carroll, III, Trustee for the Estate of MGL Corporation, Inc., Gary Francis Seitz, Trustee for the Estate of MGL Apparel Inc., and James E. O'Neill, Trustee for the Estate of Lorianna Stores Inc., Plaintiffs,**

v.

**Unicom AP Chemical Corporation, aka Unicom Corporation, aka Unicom Corp., aka Unicom Chemical Corp., and Albert Petichenskiiy, aka Albert Pichinsky, aka Albert Petitchensik, Defendants.**

**Bankruptcy No. 00–10804DWS, 00–10803, 00–10805. Adversary No. 00–0933.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 2, 2001.

John T. Carroll, III, Michael Hynes, Cozen & O'Connor, Philadelphia, PA.

James E. O'Neill, III, Stradley, Ronon, Stevens & Young, Wilmington, DE.

Gary Seitz, Palmer, Biezup & Henderson, Philadelphia, PA

Harry J. Giacometti, Smith & Giacometti, Philadelphia, PA.

Michael B. Schaedle, Blank, Rome, Comisky & McCauley, LLP, Philadelphia, PA.

Dave P. Adams, Office of U.S. Trustee, Philadelphia, PA.

### *MEMORANDUM OPINION*

DIANE WEISS SIGMUND,
Bankruptcy Judge

Before the Court is the Motion of the defendants Unicom AP Chemical Corporation ("Unicom") and Albert Petichinskiiy ("Petichinskiiy") (together with Unicom, "Defendants") for Protective Order and for Stay of Discovery ("Motion") in connection with the above captioned adversary proceeding (the "Civil Case"). The Defendants contend that they are entitled to protection from discovery proceedings because they are the subject of a criminal investigation and absent the requested relief they are put to the unfair choice of maintaining their constitutional privilege against self incrimination or defending the Civil Case. For the reasons that follow, I respectfully disagree and deny the Motion.

## BACKGROUND

On December 11, 2000, the Chapter 11 Trustees (the "Trustees") of these administratively consolidated estates filed a Motion for Entry of a Preliminary Injunction restraining Defendants from the further use, possession, consumption and misappropriation of property of the Debtors' estates, namely certain fabric inventory; compelling the Defendants to deliver to the Trustees all funds which are the proceeds of the fabric inventory; ordering a freeze on the further release and delivery of the fabric inventory presently warehoused with Distribution Experts ("DE") and other relief (the "Injunction Motion"). The Injunction Motion was accompanied by a Complaint which pleads five counts against both Defendants: turnover under 11 U.S.C. § 542; injunctive relief; conversion and unjust enrichment; improper post-petition payments under 11 U.S.C. § 549; and fraudulent transfer under 11 U.S.C. § 544 and 12 Pa.Cons.Stat. § 5101 *et seq.* It also asserts breach of fiduciary duty against Petichenskiiy. By consent of the Defendants, a temporary restraining order ("TRO") was entered on December 12, 2000 and extended several times by agreement until February 5, 2001. The TRO provided, on an interim basis, all of the relief sought in the Injunction Motion other than the turnover of the proceeds of the fabric inventory, requiring only an accounting instead. Failing to reach a consensual resolution of the matters raised by the Motion and the underlying Complaint, a hearing on the Injunction Motion was held on January 29, 2001. On February 5, 2001, the Injunction Motion was granted continuing the TRO relief and also requiring the Defendants to turn over the fabric inventory proceeds to the Trustees to be held in escrow pending adjudication of the Complaint and restraining DE, the third party warehouseman from releasing the remaining inventory without prior written consent of the Trustees.[1]

A hearing was held on March 5, 2001 to consider scheduling, discovery and other pretrial matters in this adversary case. Pending at the time was the Trustees' Notice of Deposition for Petichinskiiy individually and as an officer of Unicom along with a request for documents.[2] At the same time this Motion was argued.[3] The Defendants contend that this Court has discretion which it should exercise to stay discovery in the Civil Case pending conclusion of criminal investigations and potential prosecutions of the Defendants so as not to undermine Petichinskiiy's Fifth Amendment privilege against self incrimination. While they acknowledge that Unicom, a corporation, does not have such a privilege, they believe that its identity with Petichinskiiy is so complete that it is entitled to protection as well as he. According to Defendants, only a stay will permit

---

1. Leave to appeal of the Order and Opinion was denied by the District Court on March 15, 2001.

2. The Notice was sent January 8, 2001 for a deposition on January 12, 2001. Defendants objected to the request for documents to the extent the thirty day production period of Fed.R.Civ.P. 34(b) was ignored. That problem has been solved by the passage of time. At the hearing, Defendants' counsel stated that he had produced documents to the Trustees while Trustees' counsel stated that certain categories were not yet produced, *i.e.*, wire

transfers, documents relating to the additional yardage not originally disclosed. Since discovery has not been stayed, I assume that Defendants will produce the balance of the documents requested. The privilege issue is not implicated by the request for Unicom documents. *United States v. Kordel*, 397 U.S. 1, 7, 90 S.Ct. 763, 767, 25 L.Ed.2d 1 (1970) (corporation has no privilege).

3. Neither party presented any evidence although certain facts relevant to disposition of the Motion appear uncontested.

them to fairly defend this Civil Case because Petichinskiiy would assert the testimonial privilege and be subject to invocation of an adverse interest.

In opposition to the Motion, the Trustees argue that the privilege is not implicated here where the Defendants are not the subjects of a criminal prosecution, and that, in any event, the privilege is not available to Unicom, a corporation. Defendants acknowledge that no target letter has been sent to them. Rather their concerns about prosecution stem from a grand jury subpoena of Unicom's records and the Trustees' transmission of the Civil Case pleadings, among other bankruptcy documents generated in the MGL cases, to the United States Attorney with copies to the Federal Bureau of Investigation ("FBI"). While Defendants are legitimately wary given the transmittal of information about them to federal authorities, the sole evidence of a criminal investigation is limited to the subpoena of Unicom's records and a meeting the FBI agent had with Petichinskiiy's criminal attorney, the subject of which was not disclosed to me. Notably there is an active and ongoing criminal investigation of MGL, its related entities and its principal Gene Bortnick, with which the Trustees are cooperating. The Trustees urge that the Court, in the exercise of its discretion, allow discovery to proceed to avoid prejudice to the estate which would result if they were obstructed from recovering the inventory proceeds for distribution to creditors.

4. Since I have determined that a stay of discovery is not warranted under these facts, it is not necessary for me to distinguish between the individual defendant Petichenskiiy and the corporate defendant Unicom. This is fortunate since it is not clear on this record whether Petichenskiiy is the only witness that could testify on behalf of Unicom. *United States v. Kordel*, 397 U.S. 1, 9, 90 S.Ct. 763,

## DISCUSSION

As the parties acknowledge, a stay of a civil proceeding during the pendency of a criminal proceeding is not constitutionally required. *DeVita v. Sills*, 422 F.2d 1172, 1181 (3d Cir.1970). *See also Baxter v. Palmigiano*, 425 U.S. 308, 317, 96 S.Ct. 1551, 1557, 47 L.Ed.2d 810 (1976) (Fifth Amendment does not forbid adverse inference against parties to civil actions when they refuse to testify in response to probative evidence offered against them). Rather a stay may be granted as "incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). The principal criteria for making this determination have been identified as follows: (1) the interests of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to plaintiff of a delay; (2) the burden which the proceeding imposes on the defendants; (3) the convenience of the court in the management of its cases, and the use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending and civil litigation. *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc. et al.*, 87 F.R.D. 53, 56 (E.D.Pa.1980). Applications of these factors militates against granting the requested relief.[4]

768, 25 L.Ed.2d 1 (1970) (court refuses to decide appropriateness of a stay where respondents never demonstrated that there was no authorized person who could answer interrogatories without the possibility of self-incrimination). If he is the sole repository of the factual underpinnings of the transactions at issue in the Civil Case, his testimony on behalf of Unicom raises the same risk of self-

*Plaintiff's interests and potential prejudice.* This factor focuses on the plaintiff's right to pursue his case and vindicate his claim expeditiously. *Id.* In this case, the plaintiff is not an ordinary litigant but rather a trustee with a fiduciary duty to creditors of the bankruptcy estate.[5] While a Chapter 11 trustee is not statutorily mandated to perform the duties of a trustee specified in § 704(a)(1),[6] *see* 11 U.S.C. § 1106(a)(1), a liquidating trustee in a Chapter 11 case would have the same obligation as a Chapter 7 trustee regarding the expeditious prosecutions of claims that are potential sources of recovery for creditors. *Canadian Pacific Forest Products Limited v. Irving (In re Gibson Group, Inc.),* 66 F.3d 1436, 1442 (6th Cir.1995).

At the hearing on the Motion, I observed that a distribution to creditors did not appear imminent. This fact would allow for some delay without prejudice to the plaintiff. However, the delay that is being sought here is open-ended since no criminal proceeding has been initiated and may never be. I can find no case that would allow such an unlimited stay. In *In re Mid–Atlantic Toyota Antitrust Litigation,* 92 F.R.D. 358 (D.Md.1981), the Court observed that, there were no criminal charges pending against any of the civil defendants. It reasoned:

The delay sought by the defendants here would be unprecedented in its scope. Not only do the defendants seek a stay pending completion of any criminal actions which may arise from the current Philadelphia grand jury investigation, but they also seek a stay pending completion of any criminal proceedings which might be brought at some unspecified future time by the Department of Justice, the Maryland Attorney General, or other state law enforcement officials. No case cited to this Court has involved a blanket stay in such speculative circumstances. Were the Court to approve such a request, stays would be mandated in all future civil cases in which the possibility, however remote, existed that criminal proceedings would eventually be pursued from related or similar facts. The prejudice to plaintiffs in such instances, and in this particular instance, is more than apparent. Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end. The first of the *Golden Quality* factors, then, unmistakably counsels against a stay.

*Id.* at 359. The instant case is even more speculative than *Mid–Atlantic Toyota* in that there is no grand jury investigation of

incrimination as his testimony as an individual. *Id. See also Paul Harrigan & Sons v. Enterprise Animal Oil Co.,* 14 F.R.D. 333, 334 (E.D.Pa.1953) (as information sought from corporate defendants was within the knowledge of officers indicted individually, discovery stayed as to indicted defendants until termination of criminal action). Accordingly, the response that the corporate defendant has no testimonial privilege is not sufficient without more in resisting discovery of an authorized corporate officer who is subject to criminal prosecution.

5. Defendants argue that the duty is somehow less here where the bulk of the recovery is to be paid to the secured creditor Congress Fi-

nancial Corp. ("Congress"). I respectfully disagree. The Trustees have negotiated an agreement with Congress which provides a carve out of its collateral and sharing of the proceeds of the liquidation of certain assets. Thus, this bankruptcy case serves more than the interests of the secured creditor which is the reason it is still being administered in this Court.

6. The Chapter 7 trustee shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).

the Defendants who basically ask this Court to put a hold on the Civil Case for an indefinite period. I am not prepared to do so nor do I think it prudent to impair the development of the Trustees' case for some arbitrary lesser period on a wait and see basis. *See also Landis, supra,* 299 U.S. at 254, 57 S.Ct. at 166 (rejecting the view that courts have no power to stay in favor of principle that a stay of indefinite duration in the absence of a pressing need is abuse of discretion). *Weil v. Markowitz,* 829 F.2d 166, 174 n. 17 (D.C.Cir.1987) ("A total stay of civil discovery pending the outcome of related criminal matters is an extraordinary matter for extraordinary circumstances.")

*Burden on defendants.* The absence of any pending criminal proceeding also impacts my analysis of this factor. There have been few cases where a stay was entered when the defendant was not already the subject of some criminal proceeding.[7] The reason is apparent. The burden on the defendants has been identified as being required to defend on two fronts with a resulting diversion of resources from the criminal case. *Shirsat v. Mutual Pharmaceutical Co., Inc.,* 1995 WL 695109 at *3 (E.D.Pa.1995) (*citing*

*Golden Quality, supra,* 87 F.R.D. at 56). That burden does not exist here. Another burden identified has been the risk that materials unearthed in the civil case will inure to the benefit of the government prosecuting the criminal case. That burden does not exist here either where there is no government case.[8] *Id.*

*Convenience of the courts.* This factor focuses on whether the prosecution of the criminal case will facilitate the adjudication of the civil case. As the Court explained in *Shirsat, supra:*

> Simultaneous cases present the potential of duplication of judicial effort. *Golden Quality,* 87 F.R.D. at 57. Thus, if the government's success in the prosecution of the criminal case leads to a possibility that a court will be relieved of a substantial amount of work in the civil case, this factor militates in favor of granting a stay. *Id.* Moreover, convenience to a court will militate in favor of a stay where the outcome of a criminal case can be expected to remove the predicate for the assertions of the Fifth Amendment rights against self-incrimination by potential deponents and lighten the work load of a court to review those

---

7. While a plaintiff has a generally recognized right to proceed with litigation, that right has been tempered in bankruptcy cases when the defendant's Fifth Amendment rights could be seriously jeopardized if he is required to defend the bankruptcy litigation. Thus, the court in *Amsave Credit Corp. v. Marceca,* 131 B.R. 774 (Bankr.S.D.N.Y.1991), granted a limited stay of a creditor's complaint objecting to the debtor's discharge so as to protect the debtor from choosing between participating in the bankruptcy litigation with a waiver of his privilege and securing his discharge. The court noted that while the debtor had not been indicted, a pre-indictment stay might be appropriate where both civil and criminal charges arise from the same factual transaction. However, unlike the instant case, the debtor was a target of a federal criminal

investigation concerning the same facts which were involved in the bankruptcy litigation.

8. Defendants appear to suggest that this concern may be implicated by noting that the Trustees have been transmitting all papers from the MGL bankruptcies, including the documents in the Civil Case to the United States Attorney and FBI (the "Government"). Defendants did not state that the Government had requested the documents nor do they indicate that they are being referred to with respect to them as opposed to MGL and its principal Bortnick who are targets of a criminal investigation. To assuage their concern, I will direct the Trustees to voluntarily forebear from transmitting any materials discovered from Petichinskiiy (exclusive of Unicom documents) to the government.

assertions. *See id.* at 58; *Mid–Atlantic Toyota,* 92 F.R.D. at 360.

1995 WL 695109, at \*3. *See also In re Par Pharmaceutical, Inc. Securities Litigation,* 133 F.R.D. 12, 14 (S.D.N.Y.1990) ("A pre-indictment stay is appropriate where both the civil and criminal charges arise from the same remedial statute such that the criminal investigation is likely to vindicate the same public interest as would the civil suit."). As there is no criminal case pending, this factor has no applicability to my determination. *Compare Eisenberg v. Feiner (In re Ahead By A Length, Inc.),* 78 B.R. 708, 710 (Bankr.S.D.N.Y.1987) (Trustee concedes that his work in fraudulent conveyance adversary proceeding becomes "substantially easier" once criminal case involving same allegedly fraudulent scheme is completed).

*Interest of non-parties.* This factor addresses similar concerns as the previous one, only the interests of non-parties who may be burdened with involvement in unnecessary or duplicative litigation are addressed. There are no non-parties burdened by the Civil Case here where there is no pending criminal proceeding. The interest of non-parties, *i.e.,* the creditors of this estate, militates against granting the stay which would, at best, protract and, at worst, prejudice the litigation commenced by the Trustees for their benefit.

*The public interest.* The public interest in the expeditious administration of bankruptcy cases is impaired by obstructing a trustee's efforts to collect, liquidate and distribute assets to creditors of the estate. *Kozyak v. Poindexter (In re Financial Federated Title & Trust, Inc.),* 252 B.R. 834, 839 (Bankr.S.D.Fla.2000). As noted above, this litigation involves more than a plaintiff's generally recognized right to proceed expeditiously. To stay a trustee in the exercise of his or her statutory duty to recover assets for creditors where the defendant is not even the target of a criminal investigation would not only be wrong for this case but would establish a precedent that would undermine the public interest in bankruptcy proceedings. Finally, as noted by the *Mid–Atlantic Toyota* Court, the fact that there has been no decision to prosecute actions against the Defendants suggests that there is no public interest in granting the stay. 92 F.R.D. at 360.

For the foregoing reasons, I deny the requested stay of discovery against Petichinskiiy and Unicom. An Order consistent with the foregoing Memorandum Opinion shall issue.

### ORDER

**AND NOW,** this 2nd day of May 2001, upon the consideration of the Motion of the defendants Unicom AP Chemical Corporation and Albert Petichinskiiy for Protective Order and for Stay of Discovery ("Motion") in connection with the above captioned adversary proceeding, and after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that the Motion is **DENIED.**