In re MMH AUTOMOTIVE
GROUP, LLC, Debtor.

Joel L. Tabas, Trustee, Plaintiff,

v.

Global Automotive Group, LLC, and
G.A.G. Realty, Inc., Defendants.

Bankruptcy No. 05–40913–BKC–LMI.
Adversary No. 05–06196–BKC–LMI.

United States Bankruptcy Court,
S.D. Florida,
Miami–Dade Division.

June 20, 2006.

**230**

Alan J. Elkins, Ft. Lauderdale, FL, for Debtor.

Gary M. Freedman, Miami, FL, for Plaintiff.

Gregory M. Garno, Miami, FL, for Defendants.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER AS TO EXAMINATION OF UNIVERSAL FLEET, INC.

This matter came before the Court on May 1, 2006 on Amended Motion for Protective Order as to Rule 7030 Examination Duces Tecus of Universal Fleet, Inc. (CP # 72), and the Court having reviewed the Amended Motion, the Memorandum in Opposition filed by the Trustee, Joel Tabas (CP # 75), the Response thereto (CP

# 76), the Memorandum of Law in Support of Amended Motion (CP # 94) and the Memorandum of Law in Response to the Memorandum of Law in Support (CP # 100), and the Court having considered all other matters the Court deems relevant to the decisions herein made, the Motion is DENIED for the reasons set forth below.[1]

### Background

On September 26, 2005, MMH Automotive Group, LLC ("Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Joel Tabas was appointed the Chapter 7 Trustee ("Trustee" or "Plaintiff"). On December 29, 2005, Plaintiff initiated this adversary proceeding, seeking recovery of certain alleged fraudulent conveyances from defendants, Global Automotive Group, LLC and G.A.G. Realty, Inc.

On March 28, 2006, the Plaintiff served a Notice of Rule 2004 Examination Duces Tecum (the "2004 Notice") on Universal Fleet Lease, Inc. ("Universal") in the main bankruptcy case. On that same date the Plaintiff served a Cross–Notice of Rule 7030 Examination Duces Tecum of Universal Fleet Lease, Inc. in this adversary proceeding.

On April 14, 2006, Universal and Mark Hessein, the brother of the principal of the Debtor, and the apparent principal of Universal ("Hessein"), filed an Amended Motion for Protective Order in the bankruptcy case and in this adversary proceeding (collectively the "Amended Motions"), seeking cancellation of the scheduled deposition and production because the scheduled date for examination was a Muslim holiday and because Hessein is involved in a criminal proceeding brought by the State

---

1. Virtually identical motions and memoranda were filed in this adversary proceeding and in the main case, 05–40913–BKC–LMI (CP # 79, CP # 104, CP # 114). This order applies in both this adversary proceeding and in the main case and the Clerk of the Court is directed to docket this order in both.

of Florida, pending in the Circuit Court of Broward County.[2]

### Stay of Discovery is Not Appropriate

■ There appears to be no dispute that Hessein is the subject of the criminal proceeding. However, the party against whom discovery is sought is Universal. Universal and Hessein argue that since Hessein is the corporate representative for Universal—"Mr. Hessein is the appropriate party to appear ..." the stay is appropriate even though Hessein, not Universal, is the subject of the criminal proceeding.

■ Hessein and Universal accurately cite cases that recognize that a court has the ability to enter a stay of civil discovery pending the outcome of a concurrent criminal proceeding. *See United States v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *SEC v. Dresser Indus. Inc.,* 628 F.2d 1368 (D.C.Cir.1980). However, such decision rests solely in the court's discretion, is granted in very limited circumstances, and with great reluctance. *See Carroll v. Unicom AP Chemical Corp. (In re MGL Corp.),* 262 B.R. 324 (Bankr. E.D.Pa.2001); *SEC v. Incendy,* 936 F.Supp. 952 (S.D.Fla.1996).

■ Hessein and Universal rely primarily on *AWS Mgmt, LLC. v. United States,* 2006 WL 824506, 2006 U.S. Dist. LEXIS 24894 and *Bridgeport Harbour Place I,*

*LLC v. Ganim,* 269 F.Supp.2d 6 (D.Conn. 2002), where, in each case, the court employed a balancing test to determine whether stay of civil discovery was appropriate, weighing several factors which Universal and Hessein have correctly summarized as "(1) the extent to which a defendant's Fifth Amendment rights are implicated; (2) the interests of the plaintiff in an expeditious resolution and the prejudice to the plaintiff in not proceeding; (3) the interests of and burdens on the defendants; (4) the convenience to the court in the management of its docket and in the efficient use of judicial resources; (5) the interest of other persons not parties to the civil litigation; and (6) the interest of the public in the pending civil and criminal actions."

However, in each of the cases cited by Hessein and Universal, the government was a party in both the civil and criminal matter, the civil and criminal matters undisputedly arose out of the same facts and circumstances, and in all cases other than *AWS* (in which both sides agreed a stay was appropriate), the party against whom discovery was sought was a party to the criminal proceeding.

In the instant case, the State of Florida is not a party to the adversary proceeding.[3] Universal is not a party to the crim-

---

**2.** Hessein and Universal also raised in their memo as grounds for the protective order the issue of relevancy. However, the grounds for objection set forth in the Amended Motions were limited to the timing of the deposition and the existence of the criminal proceeding. Since the issue of relevancy was never raised in the Amended Motions, the Court will not consider legal argument relating to relevancy raised for the first time in the Memorandum of Law. *Accord* Fed.R.Civ.P. 45(c) made applicable by Fed.R. Bankr.P. 9016; *Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc.,* 230 F.R.D. 688 (M.D.Fla. 2005) (Objections to subpoenas waived if not timely raised.) Even had the relevancy objec-

tion been appropriately raised the Court would have denied the Amended Motions on such ground.

**3.** Universal and Hessein make much of the fact that the assistant state attorney in the criminal proceeding is listed by the Trustee as a witness in this adversary proceeding. That the Trustee may call the assistant state attorney as a witness regarding a bond matter does not indicate the Trustee intends to share evidence in this adversary proceeding with the State of Florida in the criminal proceeding, and the Court finds there is no basis to make such an inference.

inal action and Hessein and Universal have only alleged in the Amended Motion that Hessein "believes the areas of inquiry and the documents requested in the Notice are directly relevant to those criminal proceedings." However, Hessein provides no concrete example of how the discovery is "directly relevant" nor has he otherwise explained the basis for such belief.[4] There is no evidence, nor has Hessein alleged, that this proceeding overlaps, or is parallel to, the criminal proceeding.

The Court must determine whether Hessein can use his position as corporate designee of Universal in discovery related to the adversary proceeding and in discovery allowed under Fed. R. Bankr.P.2004, to seek a stay of such discovery against the corporation that has been alleged might be connected with a criminal proceeding against Hessein individually. The answer is "no".

■ There is no issue that a corporation does not enjoy the constitutional protections of the Fifth Amendment. *Braswell v. United States,* 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988); *In re Cotillion Investments, Inc.,* 04–41606–BKC–RAM, 2006 WL 1599217 (Bankr.S.D.Fla. May 25, 2006); *Kozyak v. Poindexter (In re Financial Federated Title & Trust, Inc.),* 252 B.R. 834 (Bankr.S.D.Fla.2000). Universal cannot create that constitutional protection indirectly by designating a corporate representative who is the subject of a criminal proceeding. As the Supreme Court noted in *Kordel:*

> [A] corporation could not satisfy its obligation under Rule 33 simply by pointing to an agent about to invoke his constitutional privilege. It would indeed be incongruous to permit a corporation to select an individual to verify the corpo-

ration's answers, who, because he fears self-incrimination may thus secure for the corporation the benefits of a privilege it does not have.

397 U.S. at 8, 90 S.Ct. 763 (citations omitted). *See also Braswell,* 487 U.S. 99, 117, 108 S.Ct. 2284, 101 L.Ed.2d 98 (The sole shareholder of a corporation refused to produce books and records subpoenaed from such corporation, arguing that such an act would incriminate him individually. The Supreme Court rejected this argument noting that "a corporate custodian is not entitled to resist a subpoena on the ground that his act of production will be personally incriminating. . . .")

In the *Financial Federated* case, the court denied a motion to stay an adversary proceeding to recover a fraudulent conveyance, which motion was filed by an individual who was a defendant in a related criminal action and by a corporation of which the individual was the sole shareholder, which corporation was not a defendant in the criminal case. The court rejected outright the corporation's motion to stay, because the corporation "has not been indicted and is not a party to any pending criminal action." 252 B.R. at 838. The court also rejected the individual's motion to stay, noting first, the government wasn't a party to the adversary proceeding and second, if the individual chose to assert her fifth amendment right, she could do so.

Universal can elect to designate another corporate representative. Alternatively if Universal chooses to go forward with Hessein as its representative then Hessein may assert any Fifth Amendment right to which he is specifically entitled as to any particular question or any particular document. However, neither Hessein nor Uni-

---

4. In their Memorandum Hessein and Universal submit that Hessein "**firmly** believes that the areas of inquiry and the documents re-

quested ... are directly relevant to [the criminal proceedings]," but still fail to provide any explanation of the basis for such belief.

versal may throw up a general blanket of concern, and seek to hide under that blanket without any specific right or purpose in doing so. *See United States v. Lot 5, Fox Grove, Alachua County, Florida,* 23 F.3d 359, 364 (11th Cir.1994)("[a] blanket assertion of the privilege is an inadequate basis for the issuance of a stay"); *United States v. Argomaniz,* 925 F.2d 1349 (11th Cir. 1991); *In re Keller Financial Services of Florida,* 259 B.R. 391 (Bankr.M.D.Fla. 2000); *Financial Federated,* 252 B.R. 834.

█ The Trustee must administer the assets of this estate including the resolution of all litigation matters. Universal may have information that is relevant to the relief the Trustee seeks in this adversary proceeding or with respect to the assets of the debtor generally. Indeed, contrary to assertions by Universal and Hessein, Rule 2004 does allow the Trustee to go on a general fishing expedition so long as the information sought relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate...." *See In re Wilcher,* 56 B.R. 428 (Bankr.N.D.Ill.1985). Universal and Hessein have failed to demonstrate why or how they are entitled to the limited protections afforded with respect to these discovery rights.

Weighing the factors this Court should consider in determining whether a stay of discovery requested from Universal is appropriate, the Court finds that there are no factors weighing in favor of a stay, and that there are several factors weighing against the imposition of a stay.

### Conclusion

Based on the foregoing, it is ORDERED and ADJUDGED that the Amended Motion for Protective Order is denied. Universal shall respond to the discovery and make available for deposition whatever corporate representative Universal chooses to designate no later than three weeks from the date of this Order. The Court will enter such further and other orders as are necessary to ensure that discovery goes forward consistent with the terms of this order, but encourages the parties to make every possible effort to work through any disagreements prior to bringing such issues to the Court's attention.